UNITED STATES v. CERTAIN LANDS IN THE TOWN OF NARRAGANSETT, R. I.

(Circuit Court, D. Rhode Island. May 16, 1906.)

1. EMINENT DOMAIN—CONDEMNATION OF LAND FOR HARBOR PURPOSES—DISCRETIONARY POWER OF SECRETARY OF WAR.

An appropriation act of Congress made an appropriation for improving the Point Judith harbor of refuge, Rhode Island, under direction of the Secretary of War, and provided that the amount should be applied "in extending the easterly or shore arm of the breakwater and continuing it to the shore, with a view of providing a shelter for a landing place for the passengers, crews, and cargoes of vessels in distress and other vessels, and for the life boats of the Point Judith life-saving service." Held, that under a fair construction of the act, having in view the purpose of the improvement, it authorized the taking not only of such part of the shore as the end of the breakwater should actually rest upon, but of such additional land as would give the government control of the shore terminus, and of a landing place for passengers, cargoes and life boats, with access to a highway over its own land, and that the determination of the amount required for such purposes was committed to the discretion of the Secretary of War, whose judgment could not be controlled or reviewed by the courts unless his authority was clearly exceeded.

2. SAME.

Act Aug. 1, 1888, c. 728, 25 Stat. 357 [U. S. Comp. St. 1901, p. 2516], providing for proceedings for the condemnation of land for public use by the United States confers no general authority to acquire land, but only authority to institute proceedings for condemnation where its acquirement is otherwise authorized, but by Act April 24, 1888, c. 194, 25 Stat. 94 [U. S. Comp. St. 1901, p. 3525], the Secretary of War is directly given the right to institute proceedings for "condemnation of any land, right of way, or material needed to enable him to maintain, operate or prosecute works for the improvement of rivers and harbors for which provision has been made by law," and under such act he is intrusted with the power and duty of determining specifically what land, right of way, or material is needed for such works as are authorized by law.

On Demurrer to Answer of Margaret D. L. Robinson.

Charles A. Wilson, U. S. Dist. Atty.

James Tillinghast and Wm. R. Tillinghast, for Margaret D. L. Robinson.

BROWN, District Judge. Appropriation Act March 3, 1905, c. 1482, 33 Stat. 1119, contains the following provision:

"Improving Point Judith harbor of refuge, Rhode Island, one hundred thousand dollars: Provided. that a contract or contracts may be entered into by the Secretary of War for such materials and work as may be necessary to prosecute said project, to be paid for as appropriations may from time to time be made by law, not to exceed in the aggregate one hundred thousand dollars, exclusive of the amounts herein and heretofore appropriated: Provided further, that the amounts herein appropriated and authorized, with any existing balances on hand to the credit of such improvement, shall be applied in extending the easterly or shore arm of the breakwater and continuing it to the shore, with a view of providing a shelter for a landing place for the passengers, crews, and cargoes of vessels in distress, and other vessels, and for the lifeboats of the Point Judith life-saving service."

It is conceded that the extension of the easterly or shore arm of the breakwater, and continuing it to the shore, will necessarily require the taking of a few feet of the shore, of the width of the end of this arm of the breakwater, and incidentally a few feet of the adjacent bank to protect it, and to prevent the sea from making around and undermining the shore end of the breakwater. It is contended, however, that the taking of a tract of land, comprising 1.39 acres, with a shore front of 294 feet, is unauthorized.

The answer of Margaret D. L. Robinson, to which the United States demurs, denies the power to condemn any more land than is needed to connect the shore arm of the breakwater with the shore; and also denies that the whole of the land described in the petition for condemnation (to wit, 1.39 acres), can be required, and that any necessity exists for the United States to acquire the whole of said land. It is conceded that there is a necessity for taking some land, and that the Secretary of War or other authorized official of the government must make a determination of the amount needed; but it is contended that, in the absence of express legislative action defining the amount of property, the power to take is limited to the necessity, and that the necessity of taking particular property is a question for the courts. In substance, the defendant argues that although the Secretary of War has instructed the United States Attorney to proceed for the condemnation of the specific tract of 1.39 acres, in so doing, he has exceeded the authority conferred upon him by statute, for the reason that he seeks to take more land than is necessary.

I am of the opinion that it sufficiently appears from the petition that the Secretary of War has exercised a discretionary power conferred upon him by law, and that his discretion so exercised is not reviewable by this court. Decatur v. Paulding, 14 Pet. 497, 10 L. Ed. 559, 609 ; Cooley on Const. Lim. (5th Ed.) 668, 669 ; Douglass v. Byrnes (C. C.) 59 Fed. 29, 32.

While it is doubtless true that an act done under the color of authority and ostensibly in the exercise of discretion may be so clearly in excess of authority, or in abuse of authority, as to require the courts to declare it to be such, and therefore of no effect, the answer does not show any facts from which it may be inferred that the Secretary of War has exceeded the discretion conferred upon him by

Congress. The answer, in effect, disputes the judgment of the Secretary of War that a tract of this size is required or necessary.

The distinction between reviewing the judgment of an officer clothed with discretionary power, and determining whether his act is in excess of his authority, should be carefully observed. The Secretary of War, I think, is given power to acquire such an amount of land as is reasonably required to connect the breakwater firmly with the upland, and as will give reasonable facilities for access to the structure both for construction and maintenance. I seriously doubt whether the necessity for taking 1.39 acres could be questioned even if the act authorized merely a connection with the shore.

The purpose of the appropriation is "Improving Point Judith harbor of refuge." The breakwaters have created a new shelter for ships; and it would be no strained construction to say that a suitable landing place was reasonably necessary for a harbor of refuge. While the act is clumsily expressed, I am of the opinion that the following clause shows clearly the intent of Congress:

"With a view of providing a shelter for a landing place for the passengers, crews, and cargoes of vessels in distress, and other vessels, and for the lifeboats of the Point Judith life-saving service."

That this landing place is to be under government control appears from the defined object of the landing place. Upon a fair construction of this act, the extension of the breakwater to the shore reasonably requires the taking not only of such part of the shore as the breakwater shall actually rest upon, but of such additional part of the shore as will give the government control of the shore terminus of the breakwater, of a landing place for persons, cargoes, and lifeboats, and of access to highways through its own land. If the land immediately adjacent to the shore end of this extensive government work should remain in private ownership, the intent of Congress would be defeated.

The defendant contends that Act Aug. 1, 1888, c. 728, 25 Stat. 357 [U. S. Comp. St. 1901, p. 2516] entitled, "An act to authorize condemnation of land for sites of public buildings, and for other purposes," does not confer a general authority to acquire land, but only authority to institute condemnation proceedings in furtherance of, or in execution of authority otherwise granted to procure real estate for public purposes. A mere reading of this statute shows clearly that this contention is correct. The act is as follows:

"That in every case in which the Secretary of the Treasury, or any other officer of the government has been, or hereafter shall be, authorized to procure real estate for the erection of a public building or for other public uses he shall be, and hereby is, authorized to acquire the same for the United States by condemnation, under judicial process, whenever in his opinion it is necessary or advantageous to the government to do so, and the United States circuit or district courts of the district wherein such real estate is located, shall have jurisdiction of proceedings for such condemnation, and it shall be the duty of the Attorney General of the United States, upon every application of the Secretary of the Treasury, under this act, or such other officer, to cause proceedings to be commenced for condemnation within thirty days from the receipt of the application at the Department of Justice.

"Sec. 2. The practice, pleadings, forms and modes of proceeding in causes

arising under the provisions of this act shall conform, as near as may be, to the practice, pleadings, forms, and proceedings existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of the court to the contrary notwithstanding."

Chappell v. United States, 160 U. S. 499, 16 Sup. Ct. 397, 40 L. Ed. 510, clearly recognizes the necessity for other authority than that conferred by chapter 728, by the reference to Rev. St. §§ 4658, 4660, [U. S. Comp. St. 1901, pp. 3141, 3142]. But the authority of the Secretary of War does not rest solely upon the appropriation act of March 3, 1905. Act April 24, 1888, c. 194, 25 Stat. 94 [U. S. Comp. St. 1901, p. 3525], confers upon the Secretary of War the right to institute proceedings for "condemnation of any land, right of way, or material needed to enable him to maintain, operate, or prosecute works for the improvement of rivers and harbors for which provision has been made by law." I interpret this act to mean that in the prosecution of the work of harbor improvement the Secretary of War is intrusted with the power and duty of determining specifically what land, right of way, or material is needed for such works as are authorized by law.

It is well settled that it is not necessary that Congress itself should select the particular land. Chappell v. United States, 160 U. S. 510, 16 Sup. Ct. 397, 40 L. Ed. 510; Kohl v. United States, 91 U. S. 367, 23 L. Ed. 449. Congress has provided for no judicial review of the judgment of the Secretary of War, and the right to such review does not arise by implication. It is held also that the extent to which private property shall be taken for the public use rests wholly in the legislative discretion, subject only to the restraint that just compensation shall be made. Shoemaker v. United States, 147 U. S. 282, 298, 13 Sup. Ct. 361, 37 L. Ed. 170. Where the case is such that it is proper to delegate the power to appropriate property, it is also competent to delegate the authority to decide upon the necessity for its taking. Cooley on Const. Lim. (5th Ed.) 668–670.

While the taking of property must always be limited to the necessity of the case, and consequently, no more can be appropriated in any instance than the proper tribunal shall adjudge to be needed for the particular use for which the appropriation is made, the Secretary of War is authorized by Congress to make the judgment as to what land is needed. It cannot be said that the Secretary of War, in taking more land than that upon which the breakwater is actually to rest, has exceeded the limits of a proper judgment as to what is required for carrying out the purposes expressed by Congress.

The demurrer is sustained.