### UNITED STATES v. HIBERNIA BANK BLDG.
### No. 562 Misc.

District Court, E. D. Louisiana, New Orleans Division.

March 2, 1948

Norton L. Wisdom, Sp. Atty., Dept. of Justice, of New Orleans, La., for plaintiff.

Phelps, Dunbar, Marks & Claverie and Esmond Phelps, all of New Orleans, La., for defendant.

DAWKINS, District Judge.

The Government, through the acting Secretary of the Treasury, seeks to condemn office space in the building of the defendant for the use of the Internal Revenue agent in charge in the city of New Orleans. The complaint alleges the proceeding is brought pursuant to authority "contained in the Acts of Congress approved August 1, 1888, 25 Stat. 357 (U.S.C.A. Tit. 40, § 257), 53 Stat. 481 (26 U.S.C.A. Tit. 944 [§ 3944]), 53 Stat. 445 (26 U.S.C.A. § 3650)" and the object is to condemn "the full, complete and exclusive use and occupancy" of the space desired "for the period from July 1, 1947, through January 30, 1948, with the right to renew the said temporary use and occupancy * * * from year to year for a maximum of five (5) years."

Defendant excepted that the petition "set forth no right or cause of action" and it is upon this issue that the matter has been submitted. Defendant appears to admit that under the acts relied upon and particularly Tit. 40, § 257, real property may be condemned permanently for the purposes claimed. Counsel say that only in time of war has Congress authorized this to be done for temporary use, and then it must be by specific provision, pointing to Tit. 50, U.S.C.A. § 171, passed during the First World War, and to Sec. 171a of the same title, enacted during World War II, both of which by their terms limited condemnation "for war purposes." 50 U.S.C.A. Appendix, § 632.

Counsel for the Government concede that "additional authority than that conferred by the Act of August 1, 1888 is necessary, citing Chappell v. U. S., 160 U.S. 499, 16 S. Ct. 397, 40 L.Ed. 510, and U. S. v. Certain Lands in the Town of Narragansett, R. I., C.C., 145 F. 654, but contend that statutory authority to the Secretary of the Treasury or other officers to acquire such property is implied from the appropriations therefor, including condemnation, as was held in U. S. v. N. Am. Trans. & Trad. Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935; Hanson Lumber Co. v. U. S., 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809; U. S. v. Threlkeld, 10 Cir., 72 F.2d 464; and Polson Log-

ging Co. v. U.S., 9 Cir., 160 F.2d 712. It is urged that in the present case, the additional statutory authority is to be found in Title 26 U.S.C.A.Int.Rev.Code, § 3944(a), 53 Stat. 481, providing: "Allowances shall be made by the Secretary (of the Treasury), upon the recommendation of the Commissioner, for salary and *office expenses* of collectors." (Emphasis by counsel.)

Counsel for the Government also assert that Polson Logging Co. v. U. S., 9 Cir., 160 F.2d 712, is in point, since it sustained the right of the Government to condemn an easement or right of way into certain forest lands of the Government, for the purchase of which appropriation has been made. In this, as in the other cases cited, specific appropriations were made for the particular undertakings and the effect of these decisions was to say that, having authorized them and made appropriations therefor, it followed that all authority necessary to that end, such as the condemnation of property or easements thereon was included. U. S. v. Midland Bank of Billings, D. C., 67 F.Supp. 268, although by a District Court, is in point and sustains the right of the Government to condemn a leasehold interest in an office building.

In the present case, other than the general powers found in the sections relied on by the Government, enumerated in the beginning of this opinion, the only statutory authority for the present action is that flowing from the general appropriations for the Treasury Department. This Department exercises one of the most important functions of the Government, the collection of revenue. In a rapidly expanding economy, especially in war time, and the conditions which have followed, the necessity for quarters for officers and agents to collect taxes has greatly increased. To hold that under such circumstances it could provide these facilities only by the permanent condemnation of the fee in real estate, upon which it might have to erect office buildings if unable to agree with private owners for leases, would seriously handicap this most important activity.

Certainly there would be no greater invasion of private right in the condemnation for temporary use of office space than in taking fee title to the property. In each instance it can be done only by the payment of just compensation. It would seem that the greater power of condemning the fee includes the lesser interest of temporary use. It is to be noted that the statute, 40 U.S.C.A. § 257, uses both the words "procure" and "acquire". According to Webster, "procure" means: (1) "bring into possession; to cause to accrue or to come into possession of; to acquire or to provide for one's self or for another; and (2) to gain; to get; to obtain by any means, as by purchase or by loans." "Acquire"; "To gain, usually by one's own exertion; to get, as one's own, as to acquire a title, riches, knowledge, skill, good or bad habits".

As pointed out by Judge King, in Hanson Lbr. Co. v. U. S., 5 Cir., 277 F. 894, Sec. 257 of Tit. 40 U.S.C.A. authorizes certain Government officers to "procure real estate * * * for [their use]", other than for the erection of buildings thereon. In that case it involved a canal and the rights of way, which the latter enjoyed over certain lands for the purposes of navigation. It would hardly be practicable in making appropriations for the payment of salaries and expenses, such as rentals for office space, etc., for the Treasury Department in the collection of revenue, to name specifically the items, properties or space that might become necessary in the course of widespread business of the Treasury Department.

It is believed that in making the necessary appropriations and entrusting a reasonable discretion to that department, sufficient authority has been conferred to enable it to procure the necessary quarters, whether by purchase, lease, or condemnation.

The exception will be overruled.

Proper decree should be presented.