## UNITED STATES v. ADVERTISING CHECKING BUREAU, Inc.

### No. 10740.

United States Court of Appeals
Seventh Circuit.

May 6, 1953.

Horace A. Young and Downer McCord, Chicago, Ill., for appellant.

H. Brian Holland, Asst. Atty. Gen., Roger P. Marquis, Elizabeth Dudley, Washington, D. C., Attorneys, Otto Kerner, Jr., U. S. Atty., and Clarence W. Beatty, Jr., Sp. Asst. to U. S. Atty., Chicago, Ill., James M. McInerney, Asst. Atty. Gen., for appellee.

Before MAJOR, Chief Judge, and DUFFY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from a summary judgment entered in favor of the United States of America in an action to condemn certain space occupied by the defendant, The Advertising Checking Bureau, Inc., in the Rand McNally Building located in Chicago, Illinois.

On June 22, 1951, the General Services Administration entered into an agreement with the Clark-Congress Corporation, owner of the Rand McNally Building, providing for a lease to the General Services Administration of the entire building for a term of five years commencing January 1, 1952. The defendant at that time occupied one-half of the eighth floor of the building under a lease having approximately four years yet to run. On the same date the General Services Administration advised the defendant, by letter, that the building was needed for government use and that arrangements had been made for its occupancy, and the defendant was invited to discuss "how the needs of the government can be satisfied insofar as they affect the

space now occupied by you in this building."

The defendant continued in possession under its lease and on December 12, 1951, the United States, at the request of the Administrator of General Services, instituted this action to condemn the space occupied by the defendant, seeking the right to its use and occupancy for a five year term commencing January 1, 1952. The petition recited as authority for the taking the Act of Congress approved August 1, 1888, 40 U.S.C.A. § 257, the Act of Congress approved August 27, 1935, 40 U.S.C.A. § 304c, and the Federal Property and Administrative Services Act of 1949, 63 Stat. 377. The housing of federal agencies outside the District of Columbia was stated as the use for which the space was to be taken. On the same date a Declaration of Taking was filed by the Administrator of General Services in which he stated that he was depositing in the registry of the court the sum of $10,000 estimated by him as just compensation for the use of the persons entitled thereto.

On December 26, 1951, the defendant was directed, upon a motion of the Government for an order to deliver possession of the space involved, to surrender its occupancy on or before May 31, 1952, and to pay to the General Services Administration the monthly rental on its space for the intervening months.

The defendant answered the petition for condemnation, denying the authority of the plaintiff to condemn the space and, in the alternative, asking that the defendant be awarded damages of $95,000. The defendant filed a cross-claim against the Clark-Congress Corporation, also named by the Government as a party defendant to the action, alleging breach by that corporation of its lease with the defendant and asking damages of $95,000. A motion to strike part of the answer and the cross-claim was denied. The Government then moved for the entry of a summary judgment that the defendant was entitled to no compensation for the taking, and this motion was granted without prejudice to the defendant to proceed on its cross-claim against its lessor.

It is from this judgment that the defendant appeals.

█ The defendant challenges, first, the Government's authority to condemn the space involved. The Act of August 27, 1935, 40 U.S.C.A. § 304c, confers upon the Administrator of General Services authority "to procure space by lease * * * for the housing of any Federal agency or agencies outside of the District of Columbia * * *." It is true that, standing alone, this statute does not authorize the acquisition of space by condemnation. However, the Act of August 1, 1888, 40 U.S.C.A. § 257, provided that in every case in which any officer of the Government "has been, or hereafter shall be" authorized to procure real estate for a public use, he may acquire the same for the United States by condemnation. We believe the question raised must be resolved against the defendant by the plain language of this Act.

It frequently has been invoked, in analogous circumstances, to sustain the asserted power. Thus, in Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809, the authority of the Government to condemn the Hanson canal for use as part of an intracoastal waterway project was affirmed on the basis of the Act of August 1, 1888, in combination with a 1912 statute authorizing the Secretary of War to purchase the canal. In that case the court said, 261 U.S. at page 587, 43 S. Ct. at page 444:

"The Acts of July 25, 1912, [authorizing purchase] and of August 1, 1888, make it obvious that the Secretary of War was authorized to acquire the property by purchase or condemnation."

An earlier statute expressly conferring the power of condemnation in connection with the improvement of rivers and harbors was not relied upon to sustain the taking. The appellant there argued that the earlier act by expressly granting the power to condemn in that particular field excluded the possibility that the 1888 general act could be there used but the Supreme Court held otherwise.

In United States v. Threlkeld, 10 Cir., 72 F.2d 464, statutes appropriating large sums for the construction and maintenance of roads in connection with the national forests were thought to give the Secretary of Agriculture the right to acquire land for road purposes. In that case the court held that having such right to acquire by purchase, the Act of August 1, 1888, also gave him the right to condemn land for such roads. And in Barnidge v. United States, 8 Cir., 101 F.2d 295, 297, it was held that in view of the Act of August 1, 1888, the Secretary of the Interior might acquire property by condemnation for the purposes specified in the Historic Sites Act, 16 U.S. C.A. § 461 et seq., not withstanding the fact that that "Act does not purport to authorize the condemnation of property for the consummation of its purposes." The court recognized the lack of necessity for such authority in the latter Act, stating, 101 F. 2d at page 297–298:

> "As authority had already been conferred to procure real estate for public uses by condemnation, it would seem to have been quite unnecessary to embody in this Act specific authority to acquire real estate by condemnation proceedings. We must assume that Congress had full knowledge of the Act of August 1, 1888 and of the interpretation that had been placed upon it by the courts."

See also Polson Logging Co. v. United States, 9 Cir., 160 F.2d 712; United States v. Beaty, D.C., 198 F. 284, reversed on other grounds, 4 Cir., 203 F. 620. Cf. United States v. North American Transportation & Trading Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935.

The space here involved was taken for a temporary use only, as it could have been leased for but a temporary use. But we are not aware of any reason why the acquisition of property by lease should not be held within the contemplation of the Act of August 1, 1888. Its language is broad, and imports of no exceptions. Taking by condemnation is proper whenever an officer of the Government is authorized to "procure" real estate for a public use.

It is not contended, and there is no indication, either from the language of the Act itself or from any instance of its application to which we have been referred, that the quantum of the interest sought has any relevancy to its scope. It follows as a matter of course that, given permission to acquire property by lease, the Administrator of General Services was authorized to "procure" an interest in real estate within the meaning of the Act. We think it is clear that the two statutes, one complementing the other, grant the authority exercised by the Government in this case. See United States v. Fisk Building, D.C., 99 F.Supp. 592; United States v. Midland Nat. Bank of Billings, D.C., 67 F.Supp. 268. Cf. United States v. Hibernia Bank Building, D.C., 76 F.Supp. 18.

■ Clause 14 of the defendant's lease with the Clark-Congress Corporation stated, in part, as follows:

> "Eminent Domain: If the whole or any part of the Building * * * shall be taken or condemned * * * the term of this lease shall end upon and not before the date when possession of the part so taken shall be required * * * and without apportionment of the award. * * * If any condemnation proceeding shall be instituted * . * * Lessor shall have the right to cancel this lease upon not less than 90 days' notice * * *. * * and Lessee shall have no right to share in the condemnation award."

We have concluded that in accordance with the first sentence of this portion of its lease the defendant's lease terminated upon the taking by the Government. That was the contract of the defendant with its lessor. The correct measure of damages to a tenant on the taking of his leasehold interest by condemnation is the market value of the use and occupancy of the leasehold for the remainder of the tenant's term minus the agreed rent which the tenant would pay for such use and occupancy. Since the defendant here had contracted away both the remainder of its term and the right to share in any award, the finding of the trial court that the defendant was

entitled to no award was correct. United States v. Petty Motor Co., 327 U.S. 372, 376, 381, 66 S.Ct. 596, 90 L.Ed. 729; See also, United States v. Honolulu Plantation Co., 9 Cir., 182 F.2d 172.

It is the contention of the defendant, however, that since notice of cancellation was not given by the lessor, its lease was not terminated and, therefore, it is entitled to just compensation. We do not agree that the notice provision was applicable in this case. The defendant itself insists that Clause 14 must be considered as a whole. But to construe the notice provision as urged by the defendant would be to completely disregard the explicit language that in the event of condemnation "the term of this lease shall end" upon the date when possession is required. We cannot accept the defendant's theory that in any instance of a proper taking by condemnation its lease was to remain in effect unless cancelled by the lessor upon not less than 90 days notice. The fallacy of that argument is disclosed by a consideration of the particular circumstances of this case. Both the petition for condemnation and the Declaration of Taking were filed on December 12, 1951, the term of years to commence on January 1, 1952. A motion was then filed requesting an order for delivery of possession on the latter date, less than 30 days hence. Even the notice provision of the lease contemplated that the lease should not extend beyond the date of taking, for it also provided that the lessee "shall have no right to share in the condemnation award." Thus, the argument that a 90 day notice should have been given by the lessor manifestly is untenable.

We also find no merit in the further contention of the defendant that the entry of summary judgment was not proper procedure on the part of the District Court. The defendant, in its answer, denied that the taking was permitted under the statutory authority relied upon by the Government. It also alleged that the Government, in entering into the lease with the Clark-Congress Corporation, "has elected to take subject to the existing leases of tenants in possession, including this defendant." The defendant then filed its cross-claim against the Clark-Congress Corporation seeking to recover damages for the alleged violation of an implied covenant of quiet enjoyment. The Government's motion to strike the cross-claim and part of the answer, including the allegations recited above, was denied.

It is said that a question of fact was raised by the allegation that the Government had elected to take subject to the defendant's lease. A summary judgment is authorized under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., only where there is no genuine issue as to any material fact. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Ford v. Luria Steel & Trading Corp., 8 Cir., 192 F.2d 880. However, this answer raised no genuine issue of fact. There is nothing in the Government's lease to indicate that it was intended as a bar to condemnation proceedings and, in any event, that lease agreement was wholly between the Government and the Clark-Congress Corporation. We find no evidence of conduct on the part of the Government which would operate as a waiver of its authority to condemn the leasehold interest in the space occupied by the defendant. So far as the Government's responsibility to the defendant was concerned, the District Court had only to ascertain whether there was statutory authority to condemn, and, if so, whether the defendant under the terms of its lease was entitled to any award. These were questions of law which were properly decided against the defendant on the Government's motion for summary judgment.

Denial of the Government's motion to strike the cross-claim and part of the answer, including the allegation that the asserted authority did not permit the taking, did not preclude the District Court from later disposing of that question by the entry of summary judgment.

The judgment is affirmed.