**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**S. E. BOWMAN et al., Defendants-**
**Appellants.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward SEEBER and Louise Seeber,**
**Defendants-Appellants.**

**Nos. 15370–15373, 15658.**

United States Court of Appeals
Seventh Circuit.

Oct. 19, 1966.

John S. Grimes, Indianapolis, Ind., Leroy Baker, William H. Andrews, Bloomington, Ind., for defendants-appellant.

A. Donald Mileur, Dept. of Justice, Washington, D. C., Joseph W. Annakin, Indianapolis, Ind., Edwin L. Weisl, Jr., Asst. Atty. Gen., Richard P. Stein, U. S. Atty., Indianapolis, Ind., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before KNOCH, KILEY and CUMMINGS, Circuit Judges.

KNOCH, Circuit Judge.

These cases arose out of condemnation proceedings instituted by the United States for the construction of the Monroe Reservoir on Salt Creek, Monroe County, Indiana. The reservoir was authorized by Congress, Act of July 3, 1958, P.L. 85–500, 72 Stat. 297, 313, to be constructed in accordance with the recommendations of the Chief of Engineers in House Document numbered 192, 85th Congress, First Session, 1957, Cong. Doc. Ser. No. 12039.

All of the defendant landowners filed answers in which they alleged that those parts of their respective tracts located above the 560 foot contour line, accepted by all parties as covering the 5-year flood-frequency line, were being taken without authority, not for the use of the United States for a flood control project and uses incidental thereto as alleged, but solely to be leased, assigned, deeded or transferred to the State of Indiana to be used not for any purpose for which that state could institute eminent domain proceedings under the laws of that state, but to grant franchises for profit to individuals to maintain docks, boats and similar equipment for sailing, boating, swimming and fishing purposes in connection with the body of water to be formed.

The defendants denied their land above the 560 foot contour line was being taken for a public use or that it was necessary for or even included in the original schedule for the Monroe Reservoir Project as shown by the United States Army Engineers-Corps of Engineers map attached to their answers, being subsequently requested by the State of Indiana for recreational purposes, and that the taking was arbitrary, capricious, and beyond the discretion of the Secretary of the Army.

The District Court sustained the motion of the United States to strike that portion of the answers summarized above. The motion asserted that the necessity, nature and extent of a taking of land for a public purpose was a legislative matter not reviewable by the courts.

Judgment was entered after stipulation of all matters in issue, including the amount of compensation, subject to the right to prosecute these appeals on the right of the government to take the land.

The defendants contend that an issue of fact was raised: Whether the proposed taking was for a public purpose; and that they were entitled to a trial of this issue at which evidence would be adduced to show that taking of land beyond the 560 foot contour line without specific Congressional authority was arbitrary and capricious and thus made in bad faith for other than a public purpose, and, in addition, was arbitrary, capricious and not for a public purpose because the land was to be turned over to the State of Indiana for purposes not authorized by Congress; all as alleged in those portions of their respective an-

swers which had been stricken by the District Court.

The government argues that its motion to strike admitted all well pleaded facts, eliminating any need to adduce evidence and leaving a purely legal decision for the District Court.

Although the District Judge wrote no opinion at the time of his disposition of these motions to strike, he later wrote a comprehensive opinion covering the same questions in connection with another one of the several similar suits. U. S. A. v. 798.61 Acres of Land etc., No. IP 64–C–166 dated December 10, 1964.

By Act of April 24, 1888, 25 Stat. 94, 33 U.S.C. § 591, Congress authorized the Secretary of the Army to condemn land to maintain, operate, or prosecute works for improvement of rivers and harbors for which provision has been made by law.

By act of December 22, 1944, 58 Stat. 889, as amended, 16 U.S.C. § 460d, Congress authorized the Chief of Engineers to construct, maintain, and operate public park and recreation facilities at water resource development projects under control of the Department of the Army, to permit construction of such facilities by local interests and to maintain ready access to and from areas along the shores for general public use.

This Court has declined to read into the powers granted by the 1888 Act any limitations not indicated by Congress. United States v. Meyer, 7 Cir., 1940, 113 F.2d 387, 391–392, cert. den. 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459.

The River and Harbor Act of 1958, 72 Stat. 297, 313, authorized construction of the Monroe Dam and Reservoir in accordance with the recommendations of the Chief of Engineers in House Document No. 192, supra. The Chief of Engineers recommended construction generally in accordance with the plan of the district engineer with such modifications as the Chief of Engineers in his discretion deemed advisable.

Other sections of House Document No. 192 show that the Corps of Engineers contemplated use of the Monroe Reservoir for recreational, fish and wildlife purposes provided other federal or state agencies would pay the additional expense involved.

Department of the Interior—Department of the Army Joint Policy, 27 Fed. Reg. 1734, announced a policy of the U. S. Government to acquire land for realization of outdoor recreation potentials as a part of reservoir projects.

■ Congress usually confers authority to condemn land by general statutes and authorizes projects and appropriation of money therefor in general terms. United States v. Advertising Checking Bureau, 7 Cir., 1953, 204 F.2d 770, 771–772; United States ex rel. T. V. A. v. Welch, 1946, 327 U.S. 546, 554, 66 S.Ct. 715, 90 L.Ed. 843. When changes of plans and conditions made after commencement of the project require taking of additional property new Congressional authorization need not be secured for each subsequent taking. United States v. Certain Land in Borough of Manhattan, 2 Cir., 1964, 332 F.2d 679, 336 F.2d 1021 (3rd case) afg. S.D.N.Y., 233 F. Supp. 899; United States v. 172.80 acres of land, etc., 3 Cir., 1965, 350 F.2d 957.

■ In addition to the land which will be flooded, such land as in the discretion of the condemning authorities may be necessary or desirable to protect the reservoir or permit incidental public use may be taken. United States v. 91.69 acres of land etc., 4 Cir., 1964, 334 F.2d 229, 231, and cases there cited. Taking of more land than necessary for the basic purpose has been held not to be a defense to taking. Wilson v. United States, 10 Cir., 1965, 350 F.2d 901, 907. It is not necessary that land taken to promote a public purpose remain in United States ownership. Berman v. Parker, 1954, 348 U.S. 26, 33–34, 75 S.Ct. 98, 99 L.Ed. 27. The taking of more land than needed or the possibility that the property may be used for another purpose in the future has been held not to be a taking in "bad faith." Wilson v. United States, 10 Cir., 1965, 350 F.2d 901, 907, and cases there cited.

The District Court may properly strike a defense where it is insufficient on the facts alleged in the answer. Kosuga v. Kelly, 7 Cir., 1958, 257 F.2d 48 (2d case) afd. 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475; Arrow Petroleum Co. v. Johnston, 7 Cir., 1947, 162 F.2d 269, cert. den. 332 U.S. 817, 68 S.Ct. 158, 92 L.Ed. 394.

We have considered all other points and authorities advanced by the various defendants but we remain convinced that the judgment of the District Court should be affirmed.

Affirmed.