## UNITED STATES of America
### v.
**187.40 ACRES OF LAND, MORE OR LESS, situate IN HUNTINGDON COUNTY, COMMONWEALTH OF PENNSYLVANIA, TRACTS NOS. 1843 AND 1844 and William Hugh Blair, et al.**

### Civ. No. 73–633.

United States District Court,
M. D. Pennsylvania.

June 17, 1974.

MEMORANDUM AND ORDER

NEALON, District Judge.

The United States has filed a complaint in condemnation and declaration of taking, condemning two tracts of land owned by defendants which are to be used by the Corps of Engineers in constructing a flood control project on the Juniata River. Defendants, in their answer, claim that not only is there absent a valid congressional delegation of authority to the Secretary of the Army allowing the taking of their property, but also that their land is not "necessary" to the success of the project, and for these reasons is not subject to eminent domain. The United States has filed a motion to strike the defenses as insufficient pursuant to Rule 12(f), Fed.R.Civ.P. Both parties have filed briefs to support or oppose the motion.

### FACTS

This case arises from condemnation proceedings instituted by the Secretary of the Army for the construction of a flood control reservoir, known as the Raystown Lake Project, on the Juniata River, Huntingdon County, Pennsylvania as authorized by Congress, Act of October 23, 1962, P.L. 87–874, 87th Congress, 76 Stat. 1173, and funded by Act of Congress, August 25, 1972, P.L. 92–405, 92nd Congress, to be constructed substantially in accordance with House Document No. 565, 87th Congress, 2nd Session 1962.

Defendant landowners filed "Preliminary Objections" to the condemnation complaint of the government, which this Court will treat as an Answer; see Rule 71A Fed.R.Civ.P., alleging that no Congressional authority to condemn their land tract has been delegated and that their land was not necessary to the success of the project and any taking would be unlawful. More specifically, defendants' claim that since the plans and reports of the Corps of Engineers submitted to Congress in an attempt to se-

S. John Cottone, U. S. Atty., Scranton, Pa., for plaintiff.

John R. Gates, Huntingdon, Pa., Harold J. Rogers, Riverdale, Md., for defendants.

cure Congressional approval did not schedule defendants' land among that to be taken, the authority granted for the taking of land for purpose of accomplishing the flood-control desired did not include defendants' land and thus any attempt to do so is without specific statutory authority and must be prevented. Defendants then claim that even if authority exists for its taking, the fact that their land is not needed to insure the success of the project further precludes the confiscation of the tracts involved. The U. S. has filed a motion to strike these defenses as being insufficient, Rule 12(f) Fed.R.Civ.P., or, in the alternative, to strike them because of failure to file this Answer within the twenty-day period allotted by Rule 71A. The duty of this Court is to determine whether such defenses as presented do indeed present substantial questions of law or fact which may not be stricken. Carter-Wallace, Inc. v. Riverton Laboratories, 47 F.R.D. 366 (S.D.N.Y.1969). If any such substantial questions exist, the motion cannot be granted, Angel v. Ray, 285 F.Supp. 64 (C.D.Wis.1968); United States v. Pennsalt Chemical, 262 F.Supp. 101 (E.D.Pa.1967); neither will it be granted if the insufficiency of the defense is not clearly apparent on the face of the pleadings, Ryer v. Harrisburg-Kohl Bros., Inc., 53 F.R.D. 404 (M.D. Pa.1971), nor can reasonably be inferred from any state of facts in the pleadings. M. L. Lee & Co. v. American Cardboard & Packaging Corp., 36 F.R.D. 27 (E.D. Pa.1964). The purpose of such narrow standards is ". . . to provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits." Carter-Wallace Inc. v. Riverton Laboratories, supra, 47 F.R. D., at 368.

## ISSUES

■ 1. Defendants contend that there has been no statutory authority delegated to the Secretary of the Army

that allows the taking of their property. Congress by Act of April 24, 1888, 25 Stat. 94, 33 U.S.C. § 591, authorized the Secretary of the Army to acquire land, by condemnation, for projects such as the one involved here. This was a general authority, granted by Congress to the Secretary of the Army, allowing him to apply his informed discretion to the acquisition of lands to enable future projects, provided for generally by Congress, to succeed and is applied to flood control projects in general by Act of Congress, March 1, 1917, 39 Stat. 950, 33 U.S.C. § 701.

■ By Act of Congress of June 28, 1938, 52 Stat. 1215, 33 U.S.C. § 701c–1, the Secretary of the Army was further granted broad authority to acquire all land necessary for any dam or reservoir project for flood control, notwithstanding any restriction or limitation provided by any other Act. This clearly grants the authority to such official, to acquire any land necessary for any projects and leaves the choice to the official's informed discretion. This, together with Act of Congress, August 1, 1888, 25 Stat. 357, 40 U.S.C.A. § 257, both of which complement each other and 33 U.S.C. § 591, confer authority in general terms, and when plans and conditions made after commencement of the project require the taking of additional land, no new legislative authority need be secured. United States v. 2,606.84 Acres, etc., 432 F.2d 1286, (5th Cir. 1970); United States v. Bowman, 367 F.2d 768 (7th Cir. 1966). House Documents, submitted for the purpose of aiding the Congress in determining whether to authorize the particular river, harbor or flood control project in question, are preliminary feasibility reports and do not bind the Secretary of the Army to absolute adherence since not only is it important that such official be allowed latitude to insure success of the project, United States v. 2,606.84 Acres of Land, supra, but a reading of the authorization, Act of Congress, P.L. 87–874, supra, will show that Congress did not intend such

plans to be the final ones for the project since they used the term ". . . substantially in accordance with . . . H.D. 565 . . ." thereby giving the Secretary authority to make changes absolutely necessary to implement Congressional decision for such project. Accord: Thetford v. United States, 404 F.2d 301 (10th Cir. 1968). A change in such plan as is involved here does not render the Secretary's exercise of discretion either arbitrary or capricious, United States v. 2,606.84 Acres, supra.

2. Defendants also claim that their land cannot be acquired by condemnation because it is totally unnecessary to the Project, thus apparently claiming that such acquisition was so disassociated with, or unnecessary to, that project as to render its taking an arbitrary and capricious act on part of the United States.

■■ The judicial role in review of condemnation cases does not encompass the power of determining whether the land taken is actually necessary for the successful operation of the project, United States v. 2,606.84 Acres, supra, but only extends to deciding the propriety of the public purpose of such acquisitions and the requisite statutory authority, e. g. United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843 (1945); Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954). Moreover, the taking of more land than necessary is no defense to condemnation acquisition. Wilson v. United States, 350 F.2d 901 (10th Cir. 1965); United States v. Bowman, supra; and, indeed, the Declaration of Taking Act of Feb. 26, 1931, 46 Stat. 1421, 40 U.S.C.A. § 258a does not require proof of necessity of the land taken, Wilson v. United States, supra, but instead allows the decision as to the need for such land to lie solely within the opinion of the federal official involved.

■ Accordingly, plaintiff's motion will be granted.