## Staunton.

### BARNES V. TIDEWATER RAILWAY CO.

September 12, 1907.

1. EMINENT DOMAIN—*Report of Commissioners—Weight—Amount of Damages.*—Where commissioners in condemnation proceedings have heard the evidence of the witnesses offered, and have also viewed the premises, their findings as to amount of the damages which land owners will sustain, are entitled to great weight, and will not be disturbed by the courts except upon clear evidence that their estimates were excessive or inadequate. For error of judgment in arriving at the amount of damages, if any, there can be no correction, especially where the evidence is conflicting, unless the damages allowed are so excessive or inadequate as to show prejudice or corruption. The commissioners are not bound by the opinions of experts or the apparent weight of the evidence, but may form their own conclusions.

Error to a judgment of the Corporation Court of the city of Roanoke, in a proceeding to condemn land for railroad purposes. Defendant assigns error to the judgment of the court confirming the report of the commissioners and refusing to allow damages for alleged injury to his property on the opposite side of the street from that taken.

*Affirmed.*

The opinion states the case.

*Robertson & Wingfield,* for the plaintiff in error.

*Robertson, Hall & Woods,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This proceeding was instituted by the Tidewater Railway Company for the purpose of condemning and acquiring title to a portion of certain land owned by H. C. Barnes, the plaintiff in error.

It appears that the plaintiff in error owned two parcels of land, one located on the south side of Ferdinand avenue, in the city of Roanoke, through which the railroad passes, and the other on the north side of the same avenue, no part of which is taken for railroad purposes.   Commissioners were appointed by the court to ascertain a just compensation for the land taken, and to award the damages to the adjacent or other property of the defendant, Barnes, or to the property of any other person, beyond the peculiar benefits that would accrue to such properties, respectively, from the construction and operation of the works of the railroad company.

The commissioners found the aggregate of land taken to be 3.31 acres, more or less, and assessed the compensation therefor at $1,250.   They further ascertained that the damages to the adjacent and other property of the plaintiff in error, by reason of the construction and operation of the works of the company, beyond the peculiar benefits that would accrue to such properties, respectively, was $2,650; making an aggregate finding for land and damages in favor of H. C. Barnes of $3,900. They further found and reported that no damage was done to the property of any person other than the plaintiff in error.

This report was excepted to by the plaintiff in error, upon the ground that the compensation and damages awarded were inadequate, and because no damage was allowed for the property on the north side of Ferdinand avenue.   The commissioners made no separate finding as to the property on the north side of Ferdinand avenue, but the testimony taken in the case shows that, upon due consideration thereof, they reached the conclusion that the land on the north side of the avenue would

not be damaged by the construction and operation of the rail-road. It was agreed at the hearing that the $3,900 awarded by the commissioners should be accepted in full satisfaction of all compensation and damage to which the plaintiff in error was entitled, except that which it was contended would be sustained by the land on the north side of the avenue from the construction and operation of the railroad, as to which the commissioners concluded no damage accrued.

On the hearing of the exception, which was under the agreement limited in the manner already indicated, both parties introduced evidence on the question as to whether or not the property on the north side of Ferdinand avenue would be depreciated in value by the construction and operation of the railroad. After hearing the evidence, the court entered the judgment complained of, overruling the exception of the plaintiff in error, and confirming the report of the commissioners.

The only error assigned by the petitioner is, that the report of the commissioners should have been set aside, because it allowed no damages for the land on the north side of Ferdinand avenue, no part of which was taken. In support of this assignment, the plaintiff in error discusses the act concerning the exercise of the power of eminent domain, the damages thereby contemplated for injury done to land lying adjacent to that taken by the construction and operation of a railroad, and elaborately considers the elements of injury that should be regarded in such a case; it being insisted that the evidence before the commissioners and before the court shows that the land on the north side of the avenue will be injuriously affected by the operation and construction of the proposed railroad.

In disposing of this case, it is unnecessary for us to follow the consideration and discussion given by counsel for plaintiff in error to the "Eminent Domain Act," for, if his view as to the proper construction of the statute be sound (as to which we express no opinion), it could not affect the result in this case, there being nothing in the record to show that there has

been any failure, on the part of the court of the commissioners, to consider all the elements of injury which, it is insisted, should be considered. The court was not asked to instruct the commissioners as to the elements of injury they should consider, nor does any issue touching that matter appear of record to have been presented in any other form. The order appointing the commissioners follows, substantially, the language of the statute, and explicitly directs that they go upon the premises and view the land or other property, or such interest or estate therein, wanted by the railroad for its purposes; and, after viewing the same and hearing such proper evidence as either party may offer, ascertain a just compensation therefor, *and award the damages, if any, resulting to the adjacent or other property of the defendant,* or the property of any other person, beyond the peculiar benefits that will accrue to such properties, respectively, from the construction and operation of the works of said company. The report of the commissioners also follows the language of the statute, and shows that, after ascertaining a just compensation for the land taken, they estimated the damages resulting *to the adjacent and other property of the owner,* by reason of the construction and operation of the railroad, beyond the peculiar benefits, etc.; and the evidence shows that the commissioners duly considered the land north of Ferdinand avenue, viewed the premises, and, after hearing the testimony of witnesses introduced by the parties, reached the conclusion that the land north of Ferdinand avenue was not injured by the construction and operation of the railroad.

The sole question presented for our determination is, whether or not the lower court erred in overruling the exception taken to the conclusion and finding of the commissioners, and in confirming their report.

The doctrine is well established that the findings of a commission in a case like this are entitled to great weight, and are not to be disturbed by the courts, except in instances where excessive or inadequate estimates, on their part, are shown by

very clear evidence. For error of judgment of the commissioners in arriving at the amount of damages, if any, there can be no correction, especially where the evidence is conflicting, unless the damages allowed are so excessive or inadequate as to show prejudice or corruption.

As said by Judge Keith, in *Railroad Co.* v. *Chamblin,* 100 Va. 401, 406, 41 S. E. 750, 752, "The best that can be done is to appoint capable and upright commissioners to go upon the land, examine it, hear testimony, and consider all the facts and circumstances surrounding the situation, and likely to enter into the value of the subject, and thus ascertain what is the value of the land to be taken, and the effect of such taking upon the residue of the tract." *Cranford Paving Co.* v. *Baum,* 97 Va. 501, 24 S. E. 906; *R. & P. R. Co.* v. *Seaboard, &c., Co.,* 103 Va. 399, 49 S. E. 512; *Tidewater Ry. Co.* v. *Cowan,* 106 Va. 817, 56 S. E. 819; *Shoemaker* v. *United States,* 147 U. S. 282, 37 L. Ed. 170, 13 Sup. Ct. 361.

In the case last cited, the court, at, p. 306, of 147 U. S., says: "The rule on this subject is so well settled that we shall content ourselves with repeating an apt quotation from Mills on Eminent Domain, 246, made in the opinion of the court below: 'An appellate court will not interfere with the report of commissioners to correct the amount of damages, except in cases of gross error, showing prejudice or corruption. The commissioners hear the evidence and frequently make their principal evidence out of a view of the premises, and this evidence cannot be carried up so as to correct the report as being against the weight of evidence. Hence, for an error in the judgment of commissioners in arriving at the amount of damages, there can be no correction, especially where the evidence is conflicting. Commissioners are not bound by the opinions of experts or by the apparent weight of evidence, but may give their own conclusions.' "

In the case at bar, there is no suggestion of prejudice or corruption on the part of the commissioners. It appears that,

after viewing the premises and hearing the testimony of the witnesses introduced by the parties, the commissioners reached the conclusion that the adjacent or other land of plaintiff in error, lying on the north side of Ferdinand avenue, would suffer no injury from the construction and operation of the railroad, and therefore no damage was reported on that account. It further appears that, upon the hearing of the exception taken to the report of the commissioners, the evidence was very conflicting, the plaintiff in error introducing eight witnesses, who testified that the commission committed error in arriving at the conclusion that the property in question would not be damaged, and the defendant in error six witnesses, who sustain the judgment of the commissioners by testifying that, in their opinion, the property would not be damaged. After hearing this evidence, the learned judge of the lower court, who had the opportunity of seeing the witnesses and of observing their manner of testifying, was of opinion that the exception to the commissioners' report should be overruled.

Upon well settled principles, the lower court could not, under the circumstances of this case, have done otherwise than overrule the exception to the report, and its judgment must be affirmed.

*Affirmed.*