## BAILEY *v.* ANDERSON, STATE HIGHWAY COMMISSIONER.

No. 49.   Argued October 15, 1945.—Decided November 5, 1945.

*Bernard B. Bailey, pro se.*

*Abram P. Staples,* Attorney General of Virginia, for appellee.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

Appellee, State Highway Commissioner of Virginia, brought this proceeding in conformity to §§ 1969j (1)– 1969j (6) of the Virginia Code of 1942, to condemn appellant's land for use as a public highway. Acting under § 1969j (4), appellee entered on the land and constructed the highway in advance of its condemnation. In the condemnation proceeding, begun in the circuit court within sixty days after the completion of the highway, the Commissioners, appointed and acting pursuant to § 1969j (2), after viewing the land, and hearing evidence, made an award of $1,500 for the land occupied by the highway, and of $6,500 for damages "resulting to the adjacent or other property of the owner."

The Virginia Circuit Court confirmed the Commissioners' report, and by its decree directed that interest be paid on the amount of the award from the date of the decree. The Supreme Court of Appeals of Virginia, without opinion, denied appellant's petition for a writ of error. The case comes here on appeal, § 237 (a) Judicial Code, 28 U. S. C. § 344 (a), appellant assigning as error that §§ 1969j (4) and 1969j (6), as applied to appellant, deny to him the due process guaranteed by the Fourteenth Amendment. On examination of appellant's jurisdictional statement we postponed the question of our jurisdiction to the argument on the merits.

Appellant contends here, as he did in the state courts, that § 1969j (4) infringes the asserted constitutional immunity by sanctioning appellee's entry upon the land and the alteration of its physical condition, in advance of the appointment of the Commissioners and before they could

view the land for the purpose of fixing its fair value upon condemnation. But it has long been settled that due process does not require the condemnation of land to be in advance of its occupation by the condemning authority, provided only that the owner have opportunity, in the course of the condemnation proceedings, to be heard and to offer evidence as to the value of the land taken. *Bragg* v. *Weaver*, 251 U. S. 57, 62, and cases cited; *Joslin Co.* v. *Providence*, 262 U. S. 668, 677; *Georgia* v. *Chattanooga*, 264 U. S. 472, 483. Its value may be fixed by viewers without a hearing, after entry upon the land, if their award is subject to a review in which a trial upon evidence may be had. *Pearson* v. *Yewdall*, 95 U. S. 294, 296; *Backus* v. *Fort Street Union Depot Co.*, 169 U. S. 557, 569; *Bragg* v. *Weaver*, *supra*, 59, and cases cited; *North Laramie Land Co.* v. *Hoffman*, 268 U. S. 276, 284–285.

Here appellant was given full opportunity to be heard and to introduce evidence before the Commissioners. They could, upon the evidence submitted, take into account the alterations of the property after the taking and before the view; such was their duty under the statute. Their award is made subject to judicial review by § 1969j (2), and upon such review may be set aside if plainly wrong or without support in the evidence. *Barnes* v. *Tidewater R. Co.*, 107 Va. 263, 266–268, 58 S. E. 594; *Duncan* v. *State Highway Commission*, 142 Va. 135, 146–148, 128 S. E. 546. In this we find no denial of due process, and appellant's contention presents no substantial constitutional question, as the authorities cited show.

Appellant also insists that the state court judgment failed to include in the award interest from the date of the occupation of his land by appellee; that the award thus denied to him just compensation for the land taken, in violation of the due process clause of the Fourteenth Amendment. See *Delaware, L. & W. R. Co.* v. *Morris-*

*town,* 276 U. S. 182. Appellant's petition in the circuit court asked that the award include interest from the date of taking. The circuit court, without explanation, rejected his claim for interest. But throughout the proceedings in the circuit court appellant made no claim to interest on constitutional grounds, and made no attack on the constitutionality of the award or the court's decree because of the asserted denial of interest. Further, nothing appears in the record to indicate that the Commissioners' award of damages did not include the interest claimed. Appellee argues that the applicable statutes contemplate that the award shall include interest as compensation "for the damage and delay" from the time of the occupation of the premises to the date of the Commissioners' report and for such further time within which application may be made for judicial review, see *City of Richmond* v. *Goodwyn,* 132 Va. 442, 452–454, 112 S. E. 787; *Export Leaf Tobacco Co.* v. *Richmond,* 163 Va. 145, 155–156, 175 S. E. 753. Nothing appears to the contrary.

Appellant, for the first time, assailed on constitutional grounds the asserted denial of interest by his assignments of error in the state Supreme Court of Appeals. The assignments relating to interest failed to draw in question the constitutional validity of any statute as is required by § 237 (a) of the Judicial Code. The state Supreme Court by its order refusing the writ of error declared that upon consideration of the record it was of opinion that the judgment below was "plainly right."

Inspection of the record does not show that, in denying the writ of error, the state court passed upon any constitutional question not raised or passed upon in the course of the proceedings below. Such appears not to be its practice. Rule 22 of the Rules of the Supreme Court of Appeals, 181 Va. lxxv; cf. *Ward Co.* v. *Henderson-White Co.,* 107 Va. 626, 628–629, 59 S. E. 476; *Bliss* v. *Spencer,* 125 Va. 36, 50, 99 S. E. 593; *Reynolds* v. *Adams,*

125 Va. 295, 314, 99 S. E. 695. On this record we cannot say that the interest claimed was not included in the award, or, if it was not, that the Supreme Court of Appeals of Virginia, by denying writ of error, passed upon any question of the constitutionality of such denial of interest, not raised on the record or passed upon below. Unless this affirmatively appears upon the record brought here for review on appeal, this Court is without jurisdiction of the appeal. *Jacobi* v. *Alabama,* 187 U. S. 133, 135–136; *Mutual Life Ins. Co.* v. *McGrew,* 188 U. S. 291, 309; *Chicago, I. & L. R. Co.* v. *McGuire,* 196 U. S. 128, 131; see *Flournoy* v. *Wiener,* 321 U. S. 253, 262–263, and cases cited.

The appeal must be dismissed for want of any properly presented substantial federal question.

*Dismissed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.