**UNITED STATES of America**

v.

**342.81 ACRES OF LAND, MORE OR LESS, Situate IN HALL COUNTY, STATE OF GEORGIA, and Toy Minor, et al.**

**Civ. A. No. 644.**

United States District Court
N. D. Georgia, Gainesville Division.

Aug. 6, 1955.

---

James W. Dorsey, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Wheeler, Robinson & Thurmond, Gainesville, Ga., for defendants.

SLOAN, District Judge.

This proceeding was instituted at the request of the Secretary of the Army to acquire certain land in Hall County, Georgia to provide for the construction, repair, preservation of certain public works, rivers, harbors and waterways and for other uses incident thereto in connection with the establishment of the Buford Dam and Reservoir project, Georgia. Among the tracts which the Government seeks to acquire is Tract No. N–1401, described in the petition for condemnation and in the declaration of taking, both of which were filed on April

26, 1955, and the estimated just compensation was deposited in the Registry of the Court and title to the land vested in the United States of America to the extent of the interests sought to be acquired, that is, a fee simple title, subject to existing easements for public roads, highways, public utilities, railroads and pipe lines. The declaration of taking signed by the Secretary of the Army of the United States stated that the public uses for which the land was taken are as follows: "The said land is necessary adequately to provide for the construction, repair and preservation of certain public works, of rivers, harbors and waterways and for uses incident thereto. That said land has been selected by me for acquisition by the United States in connection with the establishment of the Buford Dam and Reservoir Project Georgia * * *".

An answer consisting of a First Defense and a Second Defense has been filed on behalf of E. F. Herman, J. B. Mundy and J. L. Meeks as to Tract No. N–1401, asserting first, that the acquisition of said tract, or at least portions thereof, is not necessary for the project and second, that no statement of the amount petitioner is willing to pay for said property has been alleged and that the amount deposited as estimated compensation is so grossly inadequate as to deprive defendants of the protection afforded by the Fourth and Fourteenth Amendments to the Federal Constitution, and on these grounds these defendants seek the dismissal of the complaint in so far as their claimed property is concerned, or in the alternative, that it be dismissed as to said portions of the property.

In support of this motion said defendants file an affidavit of J. B. Mundy and written arguments and briefs. Responsive arguments and briefs having been filed, these motions are before the Court for determination.

■ The defendants' motion to dismiss upon the ground that the petition does not contain a statement of the amount of money petitioner is willing to pay or offering to pay for the fee simple title to the property sought to be condemned is without merit and is overruled and denied. Opportunity of having just compensation lawfully determined is afforded the defendants and the amount deposited in the Court will not be inquired into. See Bailey v. Anderson, 326 U.S. 203, 205, 66 S.Ct. 66, 90 L.Ed. 3. The deposit is merely an estimate and the amount finally determined to be just compensation may be more or less than the amount of the deposit. See United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336.

■ The defendants' motion to dismiss the complaint in so far as Tract No. N–1401, or a portion thereof is concerned, on the ground that the same is not necessary for the project is likewise without merit and is overruled and denied. It is not for the courts to oversee the choice of the boundary lines nor to sit in review on the size of a particular project area once the question of public purpose has been decided. The amount and character of land to be taken for the projects and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch. See Berman v. Parker, 348 U.S. 26, 35, 36, 75 S.Ct. 98.

The plaintiff has filed its motions to strike certain designated paragraphs of the First Defense and of the Second Defense, as amended, and briefs in support of the motions to strike and responsive briefs having been filed, the motions to strike are likewise before the Court for determination.

In the First Defense the defendants allege that there is included in the area sought to be condemned 35 acres of river bottom land, 15 acres of upland capable of producing 6,000 bales of hay valued at $1.00 per bale, cost of producing 30¢, leaving a net value of $4,200 net annual production and that this acreage will be in the intrinsic value of $60,000; that the condemned land contains a rock quarry which defendants believe contains 400,000 tons of rock

valued at 10¢ per ton on the ground for a total value of $40,000 and that there is a heavy deposit of gold capable of assaying gold to the amount and value of more than $20 per cubic yard, and while they have not been able to develop to the full extent the amount of the gold deposits, they believe the area sought to be condemned contains gold deposits in the value of $500,000, or more.

In arriving at just compensation of property taken for public use, all elements entering into the value of property taken must be considered. Therefore the fact that land may be fertile, productive and contains valuable deposits of minerals, are relevant. However, the manner in which the defendants undertake to plead these matters in undertaking to set up a method of values of property and interests therein are improper in a condemnation proceeding. The measure of just compensation will be the fair market value of the whole property with the improvements on and the minerals in it. The owner does not recover for improvements on or minerals in the land except as they enhance the value of the whole property. The motion to strike these allegations, in their present form, is sustained with leave granted defendants to reframe their pleadings in conformity with the ruling here made. This ruling applies to paragraph (b) of defendants' First Defense.

Paragraphs (a), (d) and (e) of defendants' First Defense are not responsive to the petition and concern matter not germane; attacks the good faith of the United States, and the motion to strike same is sustained.

In paragraph (c) of the First Defense defendants set up a claim for damages for frustration of their plans which is an improper element of damages and not recoverable in this proceeding. The motion to strike same is sustained with leave granted defendants to reframe their answer in accordance with the rulings here made.

As subparagraph (1) of the Second Defense, as amended, defendants deny that $20,250 represents a fair value for the tract and aver that said amount does not represent just compensation to them for the property sought to be condemned. Plaintiff moves to strike this subparagraph as not being responsive to the petition and as containing matters which are not germane and which are immaterial to the conduct of the proceeding.

The appraised value of the property and the amount deposited in the Registry of this Court are immaterial to the issues in this case. The issue is not whether the Government's estimated compensation for the property is adequate, but the issue is the amount required to justly compensate the owner for the taking of the property.

"The payment is of estimated compensation; it is intended as a provisional and not a final settlement with the owner; it is a payment 'on account of' compensation and not a final settlement of the amount due." United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 284.

See also: United States v. Foster, 8 Cir., 131 F.2d 3 (syl. 14); United States v. 1,997.66 Acres of Land, etc., 8 Cir., 137 F.2d 8, 11, 12; Garrow v. United States, 5 Cir., 131 F.2d 724.

The motion to strike subparagraph (1) of the Second Defense, as amended, is sustained.

In subparagraph (2) of the Second Defense, as amended, defendants aver that there is located within the boundary of the tract 35 acres of fertile bottom land capable of producing 6,000 bales of hay per annum; a rock quarry containing at least 400,000 tons of rock and extensive deposits of gold. Plaintiff moves to strike this subparagraph as not being responsive to the petition, containing matters not germane to the conduct of the proceeding and as attempting to set up a method of valuation of property and interests therein improper in a condemnation proceeding.

The allegations of subparagraph (2) of the Second Defense, as amended, are germane and the motion to strike same is overruled and denied.

In subparagraph (5) of the Second Defense, as amended, defendants allege that the plaintiff is undertaking to appropriate 35 acres of land above an elevation of 1,085 feet above sea level "which is unnecessary for the public use and benefit." Plaintiff moves to strike this subparagraph on the ground that it is not responsive to the petition and concerns matters not germane and which are irrelevant and immaterial to the conduct of the proceeding and that same is in the nature of a request to substitute the discretion of the Court for that of the Secretary of the Army in determining the amount of land and the estate therein to be acquired.

The motion to strike subparagraph (5) of the Second Defense, as amended, is meritorious and said paragraph is stricken. See Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98.

In subparagraph (6) of the Second Defense, as amended, defendants, upon information and belief, aver that plaintiff in arriving at the amount deposited in Court as the value of the tract did not take into consideration or allow any amount for the gold deposited on the land and that this is an item which must be considered before just compensation can be determined. Plaintiff moves to strike this subparagraph as not being responsive to the petition and as containing matters not germane to the petition and which are irrelevant and immaterial.

The amount deposited in the Court as estimated compensation for the tract has no relevancy on the trial of this issue and the motion to strike subparagraph (6) of the Second Defense, as amended, is sustained and said subparagraph is stricken. See United States v. Miller, supra; United States v. Foster, supra; Garrow v. United States, supra; United States v. 1,997.66 Acres, etc., supra.

In subparagraph (7) of the Second Defense, as amended, defendants set up that there is not involved a controversy as to the ownership of the land itself but that there is a controversy as to the ownership of the mineral interests including any deposit of gold on the land and that in order to do adequate and complete justice it will be necessary for the jury to fix a value on the land itself separate and apart "from any valuation that may be justified by the evidence for a gold deposit thereon." Plaintiff moves to strike this subparagraph as not being responsive to the petition; concerns matters which are not germane and which are irrelevant and immaterial, and attempts to set up a valuation of property and interests therein which are improper in a condemnation proceeding.

Plaintiff's motion to strike the allegations of subparagraph (7) of the Second Defense, as amended, as being not germane and being irrelevant and immaterial is not well taken.

In a proper case where the mineral interests and the surface interests are owned by different parties, a verdict may be returned finding the fair market value of the whole property with the minerals in place and a separate verdict as to the value of the mineral interests. See Eagle Lake Improvement Co. v. U. S., 5 Cir., 160 F.2d 182. And while in the case at bar this Court is of the opinion that it would be improper at this time to have such findings, since the defendants here insist that they own the entire fee, mineral and surface rights, and if that contention is correct, there would be no necessity for a separate valuation of the minerals. However, the defendants do have the right to urge that this possible future issue be determined, although the Court is of the opinion that it should not be done at this time. The motion to strike subparagraph (7) of the Second Defense, as amended, is overruled and denied.