Frank N. VARIANO and Filomena Le Donne Variano, Petitioners-Defendants.

v.

CITY OF WHITE PLAINS, Respondent-Plaintiff.

United States District Court
S. D. New York.
June 24, 1965.

---

William McKinley, Corp. Counsel for City of White Plains, N. Y., for respondent-plaintiff; Paul M. Gavin, White Plains, of counsel.

Louis A. Le Donne, New York City, for petitioners-defendants.

FEINBERG, District Judge.

Petitioners here are defendants in a condemnation proceeding brought by the City of White Plains ("the City") on behalf of the White Plains Parking Authority, which is presently pending in the Supreme Court of the State of New York, County of Westchester. They have petitioned to remove the case to this court, invoking 28 U.S.C. §§ 1441, 1443; the City has objected and has moved to remand. For the reasons stated below, the motion of the City is granted to remand this case to the New York Supreme Court in Westchester County.

Stripped of vituperation, the petition principally asserts a right to remove under 28 U.S.C. § 1443 on the ground that the proposed proceeding under the New York Condemnation Law will allegedly deprive petitioners, Americans of Italian ancestry, of certain civil rights. Specifically, they assert a denial of equal protection and due process in that:

(1) they are denied the right of appeal under N.Y. Condemnation Law, McKinney's Consol.Laws, c. 73, § 19;[1]

(2) the Condemnation Law (a) fails to provide standards of compensation, and (b) denies the right of trial by jury;[2]

(3) the ethnic composition of the compensation commission is such as purposely to diminish the participation and

---

1. Petition for removal, para. 2(a) (1).

2. Id., para. 2(a) (2).

influence of minority group representatives;[3]

(4) this particular proceeding is not in the public interest but is, rather, intended (a) to force Italian Americans to move from White Plains, and (b) to penalize petitioners for exercising their rights to speak freely against the proposed condemnation;[4]

(5) petitioners cannot get a fair trial in White Plains;[5] and

(6) state law permits the condemning authority to resell the condemned land to a private owner. (Petitioners also assert, on this ground, a "violation of the * * * privilege and immunities clause of the Fourteenth Amendment. * * *")[6]

■ In pertinent part, 28 U.S.C. § 1443(1)[7] provides for removal to a federal district court of any civil action commenced in a state court "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The court of appeals for this circuit has recently noted that this provision has long been restrictively interpreted to preclude removal when the alleged deprivation of rights is attributed to the practices of state officials, rather than the wording of state laws or constitutional provisions. New York v. Galamison, 342 F.2d 255, 271–272 (2d Cir.), cert. denied, 85 S.Ct. 1342 (April 27, 1965) (citing Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1880); Neal v. State of Delaware, 103 U.S. 370, 26 L.Ed. 567 (1881); and Com. of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633 (1906)); 1A Moore,

Federal Practice ¶ 0.165 n.7 (2d ed. 1961). But see Rachel v. State of Georgia, 342 F.2d 336 (5th Cir.), petition for cert. filed, 33 U.S. L. WEEK 3376 (U.S. May 25, 1965) (No. 1173). See generally, Amsterdam, Criminal Prosecutions Affecting Federally Guaranteed Civil Rights: Federal Removal and Habeas Corpus Jurisdiction to Abort State Court Trial, 113 U.Pa.L.Rev. 793, 842–63 (1965), particularly cases cited at p. 850 n. 222. Therefore, although this court would also welcome reexamination of decisions which have rendered "1443(1) * * * largely deprived of effect," New York v. Galamison, supra 342 F.2d at 271, under the law as it presently exists, petitioners' contentions numbered (3), (4) and (5) above do not qualify this case for removal. Such reexamination, however, ought appropriately to be reserved for a case in which the constitutional contentions are less obviously frivolous than here[8] or a defendant is being criminally prosecuted in a state court for conduct colorably protected by a law "providing for the equal rights of citizens of the United States." See Amsterdam, supra at 908, 912; Rachel v. Georgia, supra.

■ Allegations (1), (2) and (6) are, on the surface, properly addressed to various provisions of the state condemnation law which petitioners claim violate certain constitutional rights, prima facie. Although inarticulately framed, nevertheless, allegations (1), (2) and (6) can be liberally construed, see Rachel v. Georgia, supra, 342 F.2d at 340–341, as charges that the state law deprives petitioners, as condemnees, of several procedural rights of allegedly constitutional dimension, which petitioners claim are

---

3. Id., para. 2(a) (3).

4. Id., paras. 2(a) (4) and (5).

5. Id., para. 2(a) (6).

6. Id., para. 2(a) (7).

7. Petitioners, in their moving papers and memorandum, have not favored the court with a specification of the particular

clause of § 1443 upon which they rely. Upon reading the petition, I have assumed that no right under § 1443(2) is being asserted. If by chance they are claiming a right under § 1443(2), New York v. Galamison, 342 F.2d 255 (2d Cir.), cert. denied, 85 S.Ct. 1342 (April 27, 1965) requires remand.

8. See text below.

guaranteed to all by the equal protection clause.[9]

Although the petition, therefore, in part meets the surface requirements of 1443(1), the question remains whether a court is precluded from examining the substantiality of the remover's contention that he is being denied rights guaranteed under federal law. More precisely, can this court investigate petitioners' claim that certain sections of the New York Condemnation Law deprive them of rights, and, upon finding that this contention is utterly lacking in merit, grant the motion to remand? There are several indications that this is a proper approach, although the court has nowhere found adequate discussion of the point.

 In *Galamison*, the following dictum appears (342 F.2d at 271):

There is no possible doubt that § 1443(1) applies to the grantees of equal rights under the equal protection clause and egalitarian statutes * * * although it does demand a *substantial* claim of denial or inability to enforce. (Emphasis added.)

The Fifth Circuit, in Rachel v. Georgia, supra, while allowing removal of a state civil rights prosecution, nevertheless recognized that a claim for removal under section 1443(1) has not been stated when the allegations of the petition have "patently no substance." 342 F.2d at 340. Additionally, two district courts, apparently without questioning their power to investigate the sufficiency of the allegations, have refused to allow removal upon finding it clear that the challenged state laws were not constitutionally infirm. Arkansas v. Howard, 218 F.Supp. 626, 632 (E.D.Ark.1963); New York v. Bennett, 113 Fed. 515 (S.D.N.Y.1902).

Added to these scraps of authority is the general requirement that a federal district court, being of limited jurisdiction, is obligated to ascertain the truth and substantiality of jurisdictional allegations by those who seek to come before it. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); see Wright, Federal Courts § 7 (1963); cf. Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Mishkin, The Federal "Question" in the District Courts, 53 Colum.L.Rev. 157, 166 (1953).

 Therefore, petitioners' right to invoke the jurisdiction of this court rests on the sufficiency of their allegations that the New York Condemnation Law denies them constitutionally guaranteed rights; to wit, the right to trial by jury, the right to appeal, and the right to more precise standards of valuation. These claims are clearly insubstantial. It is settled law that there is no constitutional right to trial by jury in a condemnation case. Crane v. Hahlo, 258 U.S. 142, 147, 42 S.Ct. 214, 66 L.Ed. 514 (1922); United States v. Buhler, 254 F.2d 876, 878 (5th Cir.1958); 1 Orgel, Valuation Under Eminent Domain § 8 at 54 (2d ed. 1953). Regarding the right to appeal, petitioners argue that N.Y. Condemnation Law, § 19 unconstitutionally conditions the right of appeal on the condemnee's stipulation "not to disturb" the possession of the City pending appeal. However, it is well recognized that this contention is without merit, Bailey v. Anderson, 326 U.S. 203, 66 S.Ct. 66, 90 L.Ed. 3 (1945), as is the argument that the Condemnation Law fails to provide constitutionally permissible standards of compensation. Roberts v. City of New York, 295 U.S. 264, 277, 55 S.Ct. 689, 79 L.Ed. 1429 (1935).

9. In New York v. Galamison, supra, 342 F.2d at 271, Judge Friendly pointed out that

When the removal statute [1443(2)] speaks of "any law providing for equal rights," [1443(1) speaks of "any law providing for equal civil rights"] it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.

But see Amsterdam, supra at 863.

Petitioners also argue that they are deprived of constitutional rights because the City has the authority, under the condemnation statutes, to sell condemned property to private interests. There is no allegation that petitioners' property will be disposed of in that manner; on the contrary, the condemnation petition indicates that the land will be used for construction of a public parking facility. Petitioners' other allegations are equally frivolous.

The motion for remand is granted with appropriate costs awarded to the City. 28 U.S.C. § 1447(c). Settle order on notice.