415 F.Supp. 586 (1976)
UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY
v.
THREE TRACTS OF LAND CONTAINING TOTAL OF 312 ACRES, MORE OR LESS, IN MONROE COUNTY, TENNESSEE,
and
Louis Starritt.
Civ. No. 3-75-163.
United States District Court, E. D. Tennessee, N. D.
May 18, 1976.
*587 Herbert S. Sanger, Jr., General Counsel, Charles W. Van Beke, Asst. General Counsel, Beverly S. Burbage, Chief Condemnation Atty., Don O. Whitehead, T.V.A., Knoxville, Tenn., for plaintiff.
J. Granville Clark, Russellville, Ky., W. P. Boone Dougherty, Knoxville, Tenn., for defendant.

MEMORANDUM
ROBERT L. TAYLOR, District Judge.
This matter is before the Court on TVA's motion to strike defendant's answer to the extent that such answer challenges TVA's authority to take the property in question. Alternatively, TVA has moved for partial judgment on the pleadings with respect to that issue. The property involved is part of TVA's Tellico Project, which has been the object of litigation in this Court on numerous occasions. E. g., United States v. Two Tracts of Land, 387 F.Supp. 319 (E.D.Tenn. 1974), aff'd, 532 F.2d 1083 (6th Cir. 1976); Environmental Defense Fund v. TVA, 371 F.Supp. 1004 (E.D.Tenn.1973), aff'd, 492 F.2d 466 (6th Cir. 1974); Environmental Defense Fund v. TVA, 339 F.Supp. 806 (E.D.Tenn.), aff'd, 468 F.2d 1164 (6th Cir. 1972).
A complaint and declaration of taking were filed on June 25, 1975, and TVA paid $297,475.00 into the Registry of the Court as the estimated amount of just and liberal compensation. On September 2, 1975, defendant filed an answer which, in substance, alleged the following grounds as defenses:
(1) the complaint fails to state a claim upon which relief can be granted because TVA lacks authority for the proposed taking;
(2) the major portion of the property taken will not be used in the construction, operation and maintenance of the Tellico Dam and Reservoir;
(3) TVA has no authority under the TVA Act to take property for purposes not set forth in the Act and specifically for future resale at a profit;
(4) the purpose of the proposed taking is, in effect, rural clearance and renewal;
(5) the taking is arbitrary, capricious, without statutory authority and unconstitutional;
(6) the property is listed on the National Register of Historic Places pursuant to 16 U.S.C. § 470A, et seq., and TVA has not complied with 16 U.S.C. § 470f or with Executive Order No. 11593.
The first five of the above-enumerated grounds have been raised by defendant's counsel in several other cases which were previously decided by this Court. See United States v. Two Tracts of Land, 387 F.Supp. 319 (E.D.Tenn.1974), aff'd, 532 F.2d 1683 (6th Cir. 1976); United States v. Standridge, Civ. No. 3-74-290 (E.D.Tenn., Nov. 13, 1974); United States v. McCall, Civ. No. 3-74-270 (E.D.Tenn., Nov. 13, 1974). See also United States v. Davis, Civ. No. 7428 (E.D.Tenn., June 10, 1974).
In McCall, supra, the Court stated:
"In the absence of the background of this action, e. g., the previous disposition of counsel's former contentions in the Davis case, the Court would be hesitant to *588 grant a motion to strike since it in no way wishes to deprive a litigant of a viable defense pleaded in good faith. However, in light of the Court's action in the Davis case involving the same counsel, and the record in this case presently before the Court, it appears that TVA's motion is well taken and should be granted. United States v. Bowman, 367 F.2d 768 (7th Cir. 1966); United States ex rel. TVA v. 544 Acres of Land, Etc., 314 F.Supp. 273 (E.D.Tenn.1969)."
The Court then granted TVA's motion to strike the defendant's answer to the extent that it challenged TVA's authority to take the land in question.
Since McCall was decided, the Sixth Circuit Court of Appeals affirmed this Court's decision in United States v. Two Tracts of Land, supra, that TVA did not act in an "arbitrary and capricious manner simply because the property presently being condemned may ultimately be resold to a private party at some future date." 532 F.2d at 1085, quoting from 387 F.Supp. at 321. Judge Phillips, speaking for a unanimous Court, stated that "the necessity, expediency, location and extent of taking property for a public purpose are legislative and administrative questions and that the scope of judicial review is extremely narrow." 532 F.2d at 1084.
Defendant's response to TVA's present motion consists of conclusory statements that there are issues of fact involved in this case that were not involved in the cases heretofore cited, and that TVA's plans for the Tellico Project have been amended since August 28, 1974. However, Standridge, supra, and McCall, supra, were decided after August 28, 1974. Moreover, the grounds which we have listed above as numbers (1) through (5) are in substance the same grounds raised and rejected as defenses in United States v. Two Tracts of Land, supra.
The only ground alleged in the answer which challenges TVA's authority to take the land and which has not been adjudicated in previous Tellico litigation is whether compliance or non-compliance with 16 U.S.C. § 470f and Executive Order No. 11593 can operate as a defense to TVA's authority to take the land in question. We hold that it cannot.
Executive Order No. 11593 and 16 U.S.C. § 470f impose specific obligations on the heads of federal agencies with respect to sites, structures or objects which have been listed or may become eligible for listing in the National Register of Historic Places. Neither can be construed as limiting a federal agency's authority to acquire property through condemnation. The duties created in the statute and the executive order arise once a federal agency obtains ownership or control of property. Since condemnation is a common means used to acquire ownership or control of property, it seems clear that neither the statute nor the executive order were intended by Congress or the President to operate as a defense in a condemnation proceeding. See Order of Friars v. Denver Urban Renewal Authority, 527 P.2d 804 (Colo.1974).
Defendant has requested a jury trial in Count XI of his answer. The Court entered an Order on December 15, 1975, appointing a Commission pursuant to Rule 71A(h), F.R.C.P. to determine the issue of just compensation. In the interest of promoting a reasonable degree of uniformity in awards to landowners and avoiding unjust and discriminatory results between owners of like property, the Court reaffirms that Order and denies defendant's request for a jury trial.
Finally, defendant's request that he be awarded reasonable attorneys' fees and appraisal fees must be denied. Except in the limited circumstances set forth in 42 U.S.C. § 4654(a), attorneys' fees and witness' fees cannot be taxed against the United States in a condemnation action. E. g., United States v. Easement and Right of Way, 452 F.2d 729 (6th Cir. 1971). Nothing in the record suggests that the present case falls within the ambit of § 4654(a).
For the foregoing reasons, it is ORDERED that a partial judgment on the *589 pleadings be entered pursuant to Rule 12(f), F.R.C.P., on the ground that neither 16 U.S.C. § 470f nor Executive Order 11593 is a defense in a federal condemnation proceeding. It is further ordered that TVA's motion to strike the defendant's answer to the extent that it otherwise challenges TVA's authority to take the land in question be, and the same hereby is, granted. It is further ORDERED that defendant's request for a jury trial and for an award of attorneys' fees and witness' fees be, and the same hereby is, denied.
Order accordingly.