**TENNESSEE GAS PIPELINE CO.**

**v.**

**104 ACRES OF LAND MORE OR LESS, IN PROVIDENCE COUNTY OF the STATE OF RHODE ISLAND, Perry L. Olson et als., and Unknown Owners.**

**Civ. A. No. 89–700B et seq.**

United States District Court, D. Rhode Island.

Oct. 29, 1990.

Fran R. Robins–Liben, Tillinghast, Collins & Graham, Providence, R.I., for plaintiff.

Michael Rubin, Asst. Atty. Gen., S. Michael Levin, Robert D. Fine, Richard C. Tallo, Barry J. Kusinitz, Anthony F. Muri, Laurel K. Bristow, Jay M. Elias, Domenic Tudino, Richard A. Licht, Joseph LoBianco, David Schechter, Joel D. Landry, Robert E. Davignon, Carl B. Lisa, George E. Lieberman, James M. Sloan, III, Carol E. Najarian, Richard Kelaghan, Thomas C. Plunkett, James A. Currier, Robert J. Cosentino, Thomas L. McDonald, Stephen J. Reid, Jr., Robert S. Bruzzi, Harris K. Weiner, Adler, Pollock & Sheehan, Harold I. Kessler, Friedman & Kessler, Shelia High King and Michael A. Kelly, Providence, R.I., John McBurney, Pawtucket, R.I., Vincent Piccirilli, Paul A. Sassi, Robert D. Murray, William F. Holt and Jeffrey A. Lanphear, Cranston, R.I., James V. Paolino, Robert V. Colagiovanni, David M. Campanella, Sandra A. Blanding and Dennis R. Gannon, Warwick, R.I., Thomas E. Hefner, Greenville, R.I., Paul P. Baillargeon and Robert D. Natal, No. Smithfield, R.I., Scott K. Keefer and Joseph Dugan, Woonsocket, R.I., John A. Murphy, Jamestown, R.I., Nolan & Dailey, Coventry, R.I., Everett A. Petronio, Johnston, R.I. and George Prescott, Lincoln, R.I., for defendants.

## OPINION

FRANCIS J. BOYLE, Chief Judge.

On May 18, 1989, the Federal Energy Regulatory Commission (FERC or Commission) granted Tennessee Gas Pipeline Company (Tennessee Gas) a Certificate of Public Convenience and Necessity authorizing construction of a 36 mile high-pressure natural gas pipeline extension from Worcester County in Massachusetts to a southern terminus in Cranston, Rhode Island. The certificate was issued following a hearing before the Commission for which notice was given in accord with statute and FERC regulations.[1] After the certificate was issued, a rehearing was thereafter granted to some affected property owners and the certificate was amended on September 9, 1990 to alter the southern end of the route to "reduce potential land use impact." *Tennessee Gas Pipeline Co.*, F.E.R.C. No. CP87–75–002. The Commission has yet to consider additional requests for rehearing filed by Consolidated Edison Company of New York, Inc., Tennessee Gas Pipeline Company, and Peoples Gas Light and Coke Company.

As amended, the certificate authorizes the construction of a 20–inch high-pressure natural gas pipeline from Tennessee Gas' existing line in Massachusetts to Sherman Road, just over the Massachusetts/Rhode Island state line in Burrillville, Rhode Island. From Sherman Road, the certificate permits construction of a 16–inch pipeline to Cranston, Rhode Island. Over the entire route, the certificate authorizes acquisition of temporary easements 75 feet in width for use during construction and the retention of permanent rights of way and easements that are no more than 50 feet wide. The certificate also allows acquisition of a parcel of land at the southern end of the line for a metering facility. The certificate is conditioned on Tennessee Gas' adherence to specific environmental mitigation measures before and during construction, including the obligation to obtain a permit before construction from the FERC's Office of Pipeline and Producer Regulation after review of cultural resource surveys and mitigation plans.

Tennessee Gas now asks this Court, pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), to condemn rights of way, easements and land for the construction and maintenance of the pipeline. Tennessee Gas asserts, and Defendants do not contest, that Tennessee Gas was unable

1. *See* 15 U.S.C. § 717f(d) ("notice ... shall be served upon such interested parties and in such manner as the Commission shall, by regulation, require."); 18 C.F.R. § 157.9 (1990) ("Notice of each application filed ... will be published in the Federal Register and copies of such notice mailed to states affected thereby.").

after good faith negotiations to purchase the property that is the subject of this complaint. In its complaint, Tennessee Gas seeks perpetual or permanent easements and rights of way to transport "oil, gas, petroleum products or any other liquids, gases or substances which can be transported through a pipeline." In addition to the right to construct, maintain, and operate a pipeline, Tennessee Gas seeks the right to "alter ... renew, remove, change the size of and replace a pipeline."

The Defendants are various landowners whose land is the subject of this condemnation proceeding. In their challenge to Tennessee Gas' claim of eminent domain, Defendants make two basic arguments: first, that Tennessee Gas' FERC certificate is invalid and, second, that the extent of the condemnation exceeds the scope or otherwise violates the terms of the certificate.

*Validity of the FERC Certificate*

Defendants argue: (1) that FERC lacked authority to enter an order issuing a certificate to Tennessee Gas because the affected property owners were not afforded personal notice and an opportunity to intervene in the administrative hearings; and (2) that the FERC certificate is not "final" because the Commission has before it applications for rehearing on matters relating to the certificate. For the reasons stated below, this Court lacks jurisdiction to determine these issues.

United States District Courts have a limited scope of review in condemnation proceedings brought under Section 7(h) of the Natural Gas Act. Disputes over the reasons and procedures for issuing certificates of public convenience and necessity must be brought to the Federal Energy Regulatory Commission for rehearing. 15 U.S.C. § 717r(a). Appeals may thereafter be brought to a United States Court of Appeals. 15 U.S.C. § 717r(b). The District Court's role is to evaluate the scope of the certificate and to order condemnation of property as authorized in the certificate. *See Williams Natural Gas Co. v. Oklahoma City,* 890 F.2d 255, 262 (10th Cir. 1989) ("Judicial review ... is exclusive in the courts of appeals once the FERC certificate issues."), *cert. denied,* — U.S. —, 110 S.Ct. 3236, 111 L.Ed.2d 747 (1990); *Transcontinental Gas Pipe Line Corp. v. 118 Acres of Land,* 745 F.Supp. 366 (E.D. La.1990) ("review of FERC orders are to be made only to United States Circuit Courts of Appeal"). District Courts, therefore, are limited to jurisdiction to order condemnation of property in accord with a facially valid certificate. Questions of the propriety or validity of the certificate must first be brought to the Commission upon an application for rehearing and the Commission's action thereafter may be reviewed by a United States Court of Appeals.

Defendants' argument that the Commission improperly denied landowners notice and a hearing on the issue of the necessity of the condemnation is a collateral attack on the validity of the certificate. The issue is, therefore, not a matter which this Court may decide. *Tennessee Gas Transmission Co. v. Violet Trapping Co.,* 200 So.2d 428, 431 (La.Ct.App.1967) (refusing to rule on validity of certificate issued without notice).

Even if this Court could consider this issue, it is beyond doubt that Defendants' argument lacks merit. To hold that the FERC certificate is invalid because landowners were not afforded personal notice of the hearings would require the Court to overlook a long line of decisions holding that landowners have no due process right to notice and a hearing in agency proceedings to determine the need for condemnation. *See Bragg v. Weaver,* 251 U.S. 57, 58, 40 S.Ct. 62, 63, 64 L.Ed. 135 (1919); *Joiner v. City of Dallas,* 419 U.S. 1042, 95 S.Ct. 614, 42 L.Ed.2d 637 (1974), *reh'g denied,* 419 U.S. 1132, 95 S.Ct. 818, 42 L.Ed.2d 831 (1975), *aff'g,* 380 F.Supp. 754 (N.D.Tex.1974); *Bailey v. Anderson,* 326 U.S. 203, 205, 66 S.Ct. 66, 67, 90 L.Ed. 3, *reh'g denied,* 326 U.S. 691, 66 S.Ct. 228, 90 L.Ed. 407 (1945); *Joslin Mfg. Co. v. City of Providence,* 262 U.S. 668, 677, 43 S.Ct. 684, 688, 67 L.Ed. 1167 (1923); *United States v. 125.2 Acres of Land,* 732 F.2d 239, 243 (1st Cir.1984) ("The [Supreme] Court has long held that takings in advance of compensa-

tion do not violate due process."). Thus, even if this Court had jurisdiction to decide the matter, which it does not, Defendants' argument would fail in light of long established law and Tennessee Gas' otherwise compliance with statutory notice requirements.

Defendants' contentions concerning the finality of the certificate are similarly without effect. Applications for rehearing by three public utility companies are presently before the Commission. However, The Natural Gas Act directs that an application for a rehearing shall not operate as a stay of the Commission's order unless specifically ordered by the Commission or by a reviewing Court of Appeals. 15 U.S.C. § 717r(c); *see Ecee, Inc. v. Federal Power Comm'n,* 526 F.2d 1270, 1274 (5th Cir.) (order is final "unless and until it is stayed, modified, or reversed"), *cert. denied,* 429 U.S. 867, 97 S.Ct. 176, 50 L.Ed.2d 147 (1976); *Jupiter Corp. v. Federal Power Comm'n,* 424 F.2d 783, 791 (D.C.Cir. 1969) (commission's orders effective during disposition of review proceedings), *cert. denied,* 397 U.S. 937, 90 S.Ct. 944, 25 L.Ed.2d 118 (1970). Rather than seeking relief from this Court, Defendants' remedy is to ask for a stay from the Commission or from the Court of Appeals. Because in this case the Commission's order has not been stayed, condemnation pursuant to that order may proceed.

*Scope and Construction of the FERC Certificate*

In their second basic argument, that the condemnation sought exceeds the scope or violates the terms of the FERC certificate, Defendants make five points. The defendants argue that Tennessee Gas' petition is overbroad or otherwise violates the terms of the certificate because: (1) the easements sought are perpetual, (2) the easements sought allow the size of the pipeline to be changed at a future date, (3) the easements sought specifically allow the transport of substances other than natural gas, (4) condemnation pursuant to the certificate is premature because the Commission's order and state and federal law require permits which have not yet been obtained, and (5) as to some of the affected landowners, the original FERC certificate did not authorize acquisition of their property due to the Commission's failure to specify their property in its May 18, 1989 order.

Regarding the perpetual or permanent quality of the easements sought, the defendants argue that easements must be limited to the life of the project. Defendants, however, offer absolutely no supporting law. Furthermore, the text of the statute belies this contention. The statute contemplates two types of condemnation: the condemnation of rights of way to construct, operate, and maintain pipelines and the condemnation of land necessary to locate surface equipment for the operation of pipelines. 15 U.S.C. § 717f(h). Because the statute contains no language to the contrary, it must be concluded that the rights of way may be easements in perpetuity. Furthermore, in its order issuing the certificate in this case, the Federal Energy Regulatory Commission authorizes the condemnation of "permanent" rights of way with restrictions as set forth in its order. Plaintiff's Exhibit C, ¶ J, at 17. This Court may not alter this authorization.

Defendants next object to the fact that Tennessee Gas seeks an easement giving it the right to "alter ... renew, remove, change the size of and replace a pipeline." Unquestionably, Tennessee Gas' easement includes the right to maintain and repair a pipeline. Accordingly, Tennessee Gas has the right to replace or repair the line as necessary to maintain it. At issue, however, is whether the easement can properly include replacement to increase the size of the line to accommodate future needs. Because Tennessee Gas has no authorization in the certificate from the Commission, it may not now do so.

Tennessee Gas acknowledges that the right of way and easement that it seeks exceeds the scope of the certificate (Plaintiff's Memo at 35). The scope of a certificate of public convenience and necessity is to be construed narrowly against the party

exercising the power. *Columbia Gas v. An Exclusive Gas Storage Easement*, 578 F.Supp. 930, 935 (N.D.Ohio 1983), *aff'd*, 776 F.2d 125 (6th Cir.1985); *United States v. 67.59 Acres of Land*, 415 F.Supp. 544, 547 (M.D.Pa.1976); *cf. Delaware, Lackawanna & W. R.R. v. Morristown*, 276 U.S. 182, 192, 48 S.Ct. 276, 278, 72 L.Ed. 523 (1928) ("the taking of private property for public use is deemed to be against the common right and authority so to do must be clearly expressed"). This is so because exercise of the power of eminent domain is in derogation of property rights and may be subject to abuse. Tennessee Gas seeks a confirmation now of the right to hereafter dig up and remove an existing pipeline and to replace it with a larger line at some unspecified time in the future, with the likelihood of causing additional damage to neighboring landowners whose property is subject to the easement. Tennessee Gas does not now have a certificate to do this. Nothing justifies such an anticipatory taking of property rights.

Tennessee Gas cites only one case to support its argument for an easement that includes the right to hereafter expand the size of the pipeline. In *Panhandle Eastern Pipe Line Co. v. S.E.C.*, 170 F.2d 453, 458 (8th Cir.1948), the Court of Appeals for the Eighth Circuit held that modifications in the manner of construction, including changes in the size of a pipeline, did not invalidate a certificate of convenience and necessity issued by the Federal Power Commission. The *Panhandle* Court, however, was concerned with the validity of the certificate itself and did not address the future scope of a condemnation pursuant to a valid certificate. Furthermore, in *Panhandle*, the modifications in the size of the pipeline were made before initial construction and did not implicate future burdens on future landowners. This case is inapposite.

■ Defendant's third objection is to the assertion that Tennessee Gas has an easement to transport "oil, gas, petroleum products or any other liquids, gases or substances which can be transported through a pipeline." As defendants cogently note, the district court's jurisdiction is limited to condemnation of property for purposes authorized by the certificate. But the certificate only authorizes construction of a natural gas pipeline. Indeed, given the purposes of the Natural Gas Act, the Commission's authority to authorize construction of a pipeline for other purposes is non-existent. Accordingly, the easement is restricted to a right of way for a natural gas pipeline and not a pipeline for any other purpose.

■ Defendant's next argument is that condemnation is premature because Tennessee Gas has not obtained permits required by the FERC order and by federal and state law. According to the terms of the certificate, the FERC's Director of the Office of Pipeline and Producer Regulation must approve the pipeline project after reviewing cultural resource surveys and mitigation plans and after consultation with Massachusetts and Rhode Island State Historic Preservation Officers. As Defendants note, this provision in the certificate reflects Federal policy as enacted in the National Historic Preservation Act. 16 U.S.C. § 470 *et seq.* Defendants also argue that Tennessee Gas has not obtained wetland permits required under the Clean Water Act and state enviornmental law. *See* 33 U.S.C. § 1344; R.I.Gen.Laws § 2–1–21. Defendants assert that because route changes may be necessary to acquire these permits, condemnation should be deferred until the permits are obtained.

As noted above, this Court does not have jurisdiction to review the Commission's decision to issue the certificate to Tennessee Gas and thereby to authorize condemnation of property to construct the pipeline. Disputes over the validity of the certificate based on FERC's failure to require compliance with the Clean Water Act or state law must be brought to the Commission for rehearing. The inquiry, therefore, is whether the Commission's order requires that condemnation must be deferred pending the grant of the permits.

The FERC order provides that prior to construction and operation of the pipeline Tennessee Gas must obtain written approv-

al from the Office of Pipeline and Producer Regulation after review of state cultural resource surveys and mitigation plans. This portion of the order cannot be construed to prevent condemnation of property based on the possibility that approval will not be granted. The requirements in the FERC order arise after ownership of the rights of way are obtained and do not operate as a "shield" against the exercise of eminent domain power. *Cf. U.S. v. 162.-20 Acres of Land, More or Less,* 639 F.2d 299, 305 (5th Cir.), *reh'g denied,* 644 F.2d 34, *cert. denied,* 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981) (statutorily mandated compliance with National Historic Preservation Act does not limit eminent domain power); *United States ex rel. Tennessee Valley Auth. v. Three Tracts of Land,* 415 F.Supp. 586, 588 (E.D.Tenn. 1976) (same). Thus, while failure to comply with the terms of the order may delay or prevent construction of the pipeline, absent a stay of the FERC order by the Commission the lack of a required permit does not prevent condemnation of land in preparation for construction.

As a last argument, Defendants Lawrence and Moreau object that the scope of the original FERC order did not authorize condemnation of their property. This argument, however, is rendered moot by the Commission's September 19, 1990 modification of the certificated route. The route, as modified, bypasses the Lawrence property and bisects a different portion of the Moreau property than that described in the original complaint. Tennessee Gas has filed a second amended complaint which does not include the Lawrences as defendants and which revises the legal descriptions of properties affected by the change in the route. Condemnation is warranted along the route as modified by the September 19, 1990 order.

Accordingly, the condemnation of perpetual easements and land for the construction and maintenance of a natural gas pipeline as described in the FERC certificate issued on May 18, 1989, and as modified by the Commission's September 19, 1990 order is granted. Plaintiff shall prepare and present a form of order in accord with this opinion.