**ENVIRONMENTAL DEFENSE FUND et al., Plaintiffs-Appellants,**

v.

**TENNESSEE VALLEY AUTHORITY et al., Defendants-Appellees.**

**No. 74–1139.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 7, 1973.

Decided Feb. 22, 1974.

Jon T. Brown, Washington, D.C., for plaintiffs-appellants; Wallace L. Duncan, Fredrick D. Palmer, Washington, D.C., on brief; James Tripp, Lawrence R. Reno, of counsel.

Beauchamp E. Brogan, Knoxville, Tenn., for defendants-appellees; Robert H. Marquis, Gen. Counsel, Thomas A. Pedersen, Beverly S. Burvage, Tennessee Valley Authority, Knoxville, Tenn., on brief.

Before WEICK, McCREE and MILL-ER, Circuit Judges.

PER CURIAM.

This action was instituted in the court below to enjoin T.V.A. from completing construction of the Tellico Dam Project on the Little Tennessee River in Tennessee. The district court first enjoined completion of the project because of its conclusion that T.V.A. had not complied with the National Environment Policy Act (NEPA), 42 U.S.C. Sec. 4331 et seq., by filing an adequate impact statement. Environmental Defense Fund, et al. v. T.V.A., 339 F.Supp. 806 (E.D. Tenn.1972). On appeal, it was contended that NEPA did not apply since the Project had been planned and its construction begun before the effective date of the Act. This court, in an opinion written by Circuit Judge McCree, rejected this contention and affirmed the judgment of the district court. Environmental Defense Fund, et al. v. T.V.A., et al., 468 F.2d 1164 (6th Cir.1972). On remand, the district court held a hearing on the merits (from September 17th through September 20th). It considered the final impact statement filed by T.V.A. on February 10, 1973. It pointed out in its extensive opinion that the final statement consisted of three volumes totaling approximately 600 pages and found that the statement was an adequate compliance with the requirements of NEPA. Environmental Defense Fund et al. v. T.V.A. et al., 371 F.Supp. 1004 (E.D.Tenn.1973). The court also rejected the contention that the Project was in violation of any other federal law, including the National His-

toric Preservation Act, 16 U.S.C. Sec. 470f and Executive Order No. 11573, and the Federal Water Pollution Control Act Amendments of 1972.

A succinct description of the Project is set forth by the district court in its latest opinion:

> This litigation stems from the construction of a concrete and earthfill dam near the mouth of the Little Tennessee River. TVA will ultimately acquire thirty-eight thousand acres for development of the project. Sixteen thousand, five hundred acres will be inundated upon completion of the reservoir; the remaining acreage will be developed for industrial, commercial, residential, and recreational purposes. The project plan also contemplates the creation of a new city, Timberlake, with a population of fifty thousand persons.
>
> The project calls for the impoundment of the first thirty-three miles of the Little Tennessee River. The river and its environs present an extremely attractive setting, and are the source of thousands of annual fishing and boating trips. The area contains rich agricultural land with approximately twenty-five thousand, five hundred acres of the total acreage taken in land use Classes I, II, III. Fort Loudoun, an eighteenth century English fortification, is located on the south bank of the river. This historic site will be saved from inundation but will lose its river setting. Historically, the river bottomland is also important as the ancestral homeland of the Cherokee Indians. Several early Indian villages have been identified, including Chota and Citico and considerable archeological work has been underway for the past few years.
>
> The Tellico Project is a multi-purpose water resource and regional development project. The reservoir and connecting canal with Fort Loudoun reservoir will serve to develop navigation, flood control, and electric power generation. Other direct benefits claimed by the project are recreational development, fish and wildlife use, water supply, shoreline development, and redevelopment. The project was first authorized by Congress on October 15, 1966. Construction on the concrete portion of the dam began March 7, 1967 and was completed on March 28, 1969. To date, $45,465,000 has been appropriated for the project, and over $35,000,000 has been spent. The current estimated project cost is $69,000,000.

A more detailed description of the background of the case and the nature of the Project is contained in the opinion of this Court on the first appeal and in the district court's first opinion.

We have carefully considered the contentions of appellants on the present appeal in light of the lengthy record, including the briefs and oral arguments of the respective parties, and we find no error on the part of the district court in dissolving the preliminary injunction and in dismissing the action.[1]

For the reasons fully set forth in its well-reasoned opinion the judgment of the district court is

Affirmed.

---

1. Our examination of the final impact statement indicates that it is as thorough and complete on all pertinent features as could reasonably be expected. N.E.P.A., although rigorous in its requirements, does not require perfection, nor the impossible. In assessing the adequacy of such statement, practicability and reasonableness (*See* Environmental Defense Fund v. Corps of Eng., D.C. 342 F.Supp. 1211 at 1217) are to be taken into account along with the broad purposes of the Act to preserve the values and amenities of the natural environment. This involves of course a balancing process which we think the district court correctly recognized and applied to this multi-purpose project, a project admittedly entailing considerable ecological damage and disturbance but many off-setting economic and social benefits. The specific objections of appellants to the final statement appear to us to be overly technical and hypercritical.