UNITED STATES of America upon the relation for the Use of the TENNES-SEE VALLEY AUTHORITY

v.

TWO TRACTS OF LAND Containing a Total of 146.4 ACRES, MORE OR LESS, IN LOUDON COUNTY, TENNESSEE, et al.

Civ. A. No. 7428.

United States District Court,
E. D. Tennessee, N. D.

June 10, 1974.
On Motion to Reconsider June 26, 1974.

Robert H. Marquis, Gen. Counsel, Beauchamp E. Brogan, Associate Gen. Counsel, Beverly S. Burbage, senior trial atty., Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

J. Granville Clark, Russellville, Ky., W. P. Boone, Dougherty, Knoxville, Tenn., for defendants.

## ORDER

ROBERT L. TAYLOR, District Judge.

This is a condemnation proceeding under the Tennessee Valley Authority Act of 1933, 16 U.S.C. §§ 831–831dd, in which T.V.A. seeks to condemn defendants' property for use in the construction, operation, and maintenance of the Tellico Dam and Reservoir project.

Defendants contend in their answer that (1) the property which TVA seeks to condemn will not in fact be used for the Dam and Reservoir project, (2) that the taking by T.V.A. is unconstitutional and (3) T.V.A. has abused its discretion and "is acting arbitrarily, capriciously, and in bad faith in said proposed taking." The case is presently before the Court on plaintiff's motion for judgment on the pleadings or for summary judgment. It is the opinion of the Court that defendants' contentions with respect to the propriety of this taking are without foundation either in law or fact. See generally, Environmental Defense Fund v. Tennessee Valley Authority, 371 F.Supp. 1004 (E.D.Tenn.1973), aff'd, 492 F.2d 466, 468 (6th Cir. 1974) (multi-purpose project, including shoreline development). See also United States v. Welch, 327 U.S. 546, 553–554, 66 S.Ct. 715, 90 L.Ed. 843 (1946) (the authority may condemn "all property [it] deems necessary"); Berman v. Parker, 348 U. S. 26, 33, 75 S.Ct. 98, 99 L.Ed. 27 (1954); Tennessee Valley Authority v. Kinzer, 142 F.2d 833 (6th Cir. 1944); Goodpasture v. Tennessee Valley Authority, 434 F.2d 760, 763 (6th Cir. 1970); Illinois Central R. R. v. Tennessee Valley Authority, 455 F.2d 308 (6th Cir. 1971).

Accordingly, it is ordered that plaintiff's motion be, and the same hereby is, granted.

## ON MOTION TO RECONSIDER

### ORDER

Before the Court is defendants' motion for the Court to reconsider and vacate its previous order of June 10, 1974 granting plaintiff Tennessee Valley Authority's motion for summary judgment.

In defendants' original answer, he contended that:

1. The property Tennessee Valley Authority sought to condemn was not intended to be used in the construction, operation and maintenance of the Tellico Dam and Reservoir.

2. There exists no authority under the Tennessee Valley Authority Act for plaintiff to take private property for purposes not set forth in the Act.

3. Tennessee Valley Authority's acquisition and condemnation program was tantamount to "rural renewal"—a program, defendant claims, which is analogous to "urban renewal" and one that Tennessee Valley Authority has no statutory authority to effect.

4. Tennessee Valley Authority acted arbitrarily and capriciously in its taking.

5. Tennessee Valley Authority's taking in this instance is without statutory authority.

Defendants in their brief have reduced their contentions to two: First,

that there exists judicial authority for the proposition that TVA's authority and purpose in condemning a parcel of land is subject to judicial review. United States v. Welch, 327 U.S. 546, 66 S. Ct. 715, 90 L.Ed. 843 (1946); United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209 (1946), and secondly that TVA's taking in this particular instance is arbitrary and capricious since, under defendants' contentions, TVA proposed to condemn defendants' land presently and ultimately resell the same at a later date to private persons. Defendants contend that any profit realized in this condemnation and subsequent resale procedure would be used to defer the costs of the Tellico project. Defendants further contend that this resale is not incidental to the public benefit and, therefore, distinguishable from Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954), where the Supreme Court concluded that:

> ". . . Once the object is within the authority of the Congress, the means by which it will be attained is also for Congress to determine. Here one of the means chosen is the use of private enterprise for redevelopment of the area. Appellants argue that this makes the project a taking from one businessman for the benefit of another businessman. But the means of executing the project are for Congress and Congress alone to determine, once the public purpose has been established." 348 U.S. at 33, 75 S.Ct. at 103.

■ The Court has carefully examined the facts and law before it and concludes that, while defendants are correct in their proposition that TVA's action is in fact subject to judicial review, it cannot say that TVA is presently acting in an arbitrary and capricious manner simply because the property presently being condemned may ultimately be resold to a private party at some future date.

■■ The Court, having sat in previous review of this project, cannot conclude that the industrial development of the region surrounding the Tellico floodline is so remote from the project's purpose as to be designed for profit making purposes alone. See generally, Environmental Defense Fund v. Tennessee Valley Authority, 371 F.Supp. 1004 (E.D. Tenn.1973), aff'd, 492 F.2d 466 (6th Cir. 1974). Contrary to defendant's argument and his supporting affidavit Congress' object in its acquisition and resale program was founded upon public purpose:

> "The plan to acquire key lands for industrial and recreation development and resell them as demand for such property increases reflects the public purpose of the project in meeting the serious need for measures to speed growth in employment in this part of eastern Tennessee."

While defendant argues that industrial growth is not needed in this region, it is not this Court's position to reappraise the wisdom of congressional policy in this regard. "The role of the judiciary in determining whether that power [of eminent domain] is being exercised for public purpose is an extremely narrow one." Berman, supra, 348 U.S. at 32, 75 S.Ct. at 102. Cf. United States v. 544 Acres of Land, 314 F.Supp. 273 (E.D. Tenn.1969).

Accordingly, it is ordered that defendants' motion be, and the same hereby is, denied.